Chittenden,
December,
1832.

## R. & Z. Tyler vs. Nathan Lathrop.

That an action upon a note, given for more than twenty dollars, but indorsed down to a less sum than that, is appealable.

That an *Audia Qaerela* is the correct remedy for the party aggrieved by the refusal of a Justice of the Peace to allow an appeal, when it ought to have been allowed.

This was an *Audita Querela*, brought to the County Court, and comes up on exceptions.

The only questions, presented in this case, are, whether the present complainants, the original defendants, were entitled to an appeal, and, if not, whether *Audita Querela* is the correct remedy. The action was brought upon a note for the sum of twenty-one dollars and seventy cents, bearing interest; on which there was an indorsement, reducing the sum due, to about seventeen dollars, for which the Magistrate rendered judgement. The defendants prayed for an appeal within the two hours allowed by law, and offered satisfactory bail. But the appeal was refused by the Magistrate, who supposed it not appealable, because the action was brought upon a note, and the judgement was rendered for a less sum than twenty dollars.

In the County Court, the defendant, Lathrop, demurred to the complaint, and it was adjudged sufficient, and the defendant excepted to the decision.

*Argument for defendant.*—The only point in this case is, whether the judgement was open to appeal, and it is contended it was not.

By the Statute, p. 139, appeals are restricted in cases on notes, if the notes shall not exceed the sum of twenty dollars.

The spirit and intention of the act evidently was, that no appeal should be allowed, when the judgement did not exceed the said sum of twenty dollars.

And this we contend is the fair construction of the Act.

In questions of jurisdiction, the Court are limited by the sum due.

*Argument for plaintiff.*—This case presents but one question for the Court to decide; and that is, whether the action in favour of the present defendant, against Plaintiffs, before justice Bliss, was or was not appealable.

It is contended by the plaintiff that they were entitled to an appeal from the judgement of the justice, because they moved for it within the two hours, tendered to the Magis- trate his fee, and offered good and sufficient bail. And it appeared from the declaration and evidence, that the note on which the suit was brought was over $20, to wit, $21,70.

The Statute restricting the right of Appeal, in certain cases, provides, that no appeal shall be allowed on notes or settled accounts, if they shall exceed the sum of $20. The question then arises what constitutes a promissory note. Revised L. 139.

It is defined in the books to be a promise or engagement in writing, to pay a specified sum at a time therein limited, or on demand or at sight, to a person therein named, or his order, or the bearer. Chitty on Bills, 324 ; 2 B. Com. 467 ; Bailey on Bills, 1.

If this definition be correct, an appeal ought to have been granted, for the endorsement is not essential nor can it make a part of the note.

It is a mere receipt, or an acknowledgement of the payment of a certain sum, put upon the back of the note for the convenience of parties. It must be made subsequent to the note, and cannot effect it either in the manner, or time of payment, or its negotiable character. Bayley on Bills 25 & 27 ; 8 John, 379.

The note, at its execution, was certainly not within the restriction. And shall the plaintiff, by his own act, be permitted to take away the jurisdiction of the County Court, and the rights of the Defendants?

The Statute, granting appeals, has ever had a liberal construction ; and the restriction a strict one.

The opinion of the Court was pronounced by

HUTCHINSON C. J.—We think the appeal ought to have been allowed. The Statute, see p. 139, allows appeals generally, and adds provisoes, one of which is, "that no appeal shall be allowed in any action, brought on notes or settled accounts, if such notes or settled accounts shall not exceed the sum of twenty dollars." This has no reference to the sum remaining due upon such notes, like the

CHITTENDEN,
December,
1832.

R. & Z. Tyler
vs.
Lathrop.

Statute, which regulates the original jurisdiction of Justices, of the Peace. The action is appealable, if the note, or notes exceed the sum of twenty dollars. Such was the case in this original action.

The defendant's Counsel suggested, in argument, that an *Audita Querela* was not the proper remedy, even if the appeal ought to have been allowed. But this Court have long since sanctioned this remedy. The party, entitled to an appeal, has a right to a hearing in the County Court, upon the merits of his cause. Of this he is deprived, by a refusal to allow an appeal. Moreover an appeal vacates, or at least, suspends, the judgement. By denying the appeal, the judgement remains in force, and execution issues. No other remedy was provided by our laws, till a late Statute, which allows a petition in the nature of an *Audita Querela*, but without its exact ceremonies, as a remedy for this, and some other cases, named in that Statute. The *Audita Querela*, as long used in such a case, is an apt remedy for such an aggreivance, because the party aggrieved is liable to execution, without having had his full day in Court; and because this writ may be made a supersedeas to such execution.

The judgement of the County Court is affirmed.

*Adams*, for defendant.

*D. A. Smalley*, for plaintiff.