### JAMES THOMPSON vs. SOLOMON COLONY.

If the first count in a declaration shows a case within the jurisdiction of the court, the other counts may be considered as auxiliary.

The *ad damnum* will not give the court jurisdiction when the subject matter declared on shows the case out of their jurisdiction.

If the justice, in an action commenced before him, have no original jurisdiction, the county court can have no appellate jurisdiction.

In a case appealed from a justice, the county court have not power to permit the declaration sent up from the justice to be amended in order to give the court jurisdiction.

This was an action of *assumpsit* originally commenced before a justice of the peace, from whose decision an appeal was taken to the county court, where it came on to trial upon the declaration sent up from the justice, on the plea of the general issue, with pleas in offset.  On motion, however, the court dismissed the suit for want of jurisdiction, and decided that the county court had not power to permit the original declaration before the justice to be amended to give the court jurisdiction.

CHITTENDEN,
January,
1834.

Thompson
vs.
Colony.

To this decision the plaintiff excepted. The substance of the declaration will be found by a reference to the opinion of the court.

*B. H. & D. A. Smalley, for plaintiff.*—It does not appear by the declaration before the justice that he had not jurisdiction.

1. Putting several counts into a declaration before a justice, all of which combined to state a cause of action not within the jurisdiction of a justice, does not take away his jurisdiction, where all the counts appear to be for the same cause of action.—*Richards* vs. *Davidson*, 1 Aik. 2 i5.

2. In the special count, no breach is alleged ; it therefore shows no cause of action.—1 Chitty, 325.—*Hosford* vs. *Foot*, 3 Vt. R. 394.

3. When the plaintiff filed a declaration in the county court, he would be at liberty to state so much of the contract only as was sufficient to show the breach of which he complained, or he might have relied wholly on the general counts.—1 Chitty, 299.—*Bank of Columbia* vs. *Patterson*, 2 Peters. Con. Rep. 503.

The *debt* or *matter* in demand; is the criterion by which the question of jurisdiction is to be determined ; and before justice courts, where declarations are as a matter of course extremely vague and uncertain, the *debt* or *matter in demand* must be ascertained by the evidence introduced by the plaintiff.—2 Burr. 655.—4 Burr. 1996.

In this case the *ad damnum* being over one hundred dollars, the plaintiff could not recover above that sum.— 3 Vt. R. 32.

The cases that have been decided in relation to actions on book, have no bearing on this question, as they are governed by particular statutes.

*Hunt & Beardsley for defendant.*—This case presents two questions :

1st. Had the justice of the peace jurisdiction of the subject matter, as stated in the declaration ?

2d. Had the county court the power to suffer the declaration to be so amended as to give the court jurisdiction ?

If by the original declaration sent up, the court has no jurisdiction, the contract being an entire contract for three

years' services, and the amount to be paid exceeding one
hundred dollars, the justice had no jurisdiction.

If the court originally had no jurisdiction, it is not in the
power of the party, by leave of court, to create a jurisdiction; this not being an amendment which the court have
power to grant.

The opinion of the Court was pronounced by

MATTOCKS, J.—The general count in the declaration
before the justice states, that the plaintiff's son was to labor for defendant part of three years, (if either party should
not revoke during that time) at $50 for the first year—$6 0
for the second year, and $70 for the third.—That the son
did labor the two first years, and then discontinued. Then
follows two of the common counts, and concludes, " All
which defendant refuses to pay, which is to the damage
of the plaintiff one hundred dollars."

If the first count shows the cause of action within the
jurisdiction of the justice, the other counts may be considered as auxiliary to the first; and the several counts may
be considered as different modes of declaring for the same
cause of action.— Richards vs. Davison, 1 Aik. 215.

But the sum due for the two years' labor, which is averred to have been performed according to the contract of
the parties, appears to be one hundred and ten dollars.
The jurisdiction of a justice being but one hundred dollars, the debt or matter in demand seems above, and not
within his jurisdiction.

To avoid this conclusion, it has been urged that no
breach of the special contract is alleged, and therefore it is
to be deemed no count, and the case will then stand upon
the other counts.

If the fact was so, it could not avail the plaintiff, as in
general the insufficiency of the breach will be cured by
the verdict.—1 Chitty, 331.   And the defendant not having demurred for this cause, it is not competent for the
plaintiff to nullify one part of his declaration with a view
to save the other.   But the conclusion, " all which the defendant refuses to pay," negatives the payment of the sum
declared for in the special as well as in the general counts;
and the case cited of Hosford vs. Foot, 3 Vt. R. 396, which

CHITTENDEN,
January,
1834.

Thompson
vs.
Colony.

was for not saving defendant harmless from three notes of less than a hundred dollars each, payable in three successive years, and alleging that he was compelled to pay the first note; and "alleging as a breach what related to that note only," makes nothing for the plaintiff. If the plaintiff here, after setting forth the contract, had averred one year's performance, or the two or three years' performance, and negatived payment for one year, it. would then have been like the case cited.

It has also been contended, that the *ad damnum* is to decide the jurisdiction in the first instance, and then the proof on trial. This position is probably correct where the declaration does *not* show the case *without* the jurisdiction of the justice; but where it *does*, as in an action on a note for two hundred dollars, and no endorsement or payment averred, and the *ad damnum* one hundred dollars, then clearly there is no jurisdiction. No essential part of the process should show a want of jurisdiction in the court.

The justice then having no original jurisdiction of the case, the county court had no appellate jurisdiction. This is an obvious and settled principle.

The only remaining question then is, whether the county court should have permitted the plaintiff to amend his declaration, sent up from the justice, so as to make a case that might have been cognizable by the justice, and that consequently the county court might take jurisdiction of the same. It appears by the bill of exceptions, that the general issue and certain offsets being plead, the cause came on for trial; and in the course of the trial, it was dismissed for want of jnrisdiction, and the court decided they had not power to permit the plaintiff to amend. It is to be understood, therefore, that the case went to trial on the declaration contained in the original writ; and when the court were about dismissing the action, the plaintiff moved to amend; but in what manner, does not appear. Indeed, it is not apparent how any amendment could have been made that would have effected the purpose intended. Certainly the old facts must have been varied, or new ones introduced, to have given the court jurisdiction; and as the declaration was drawn at length below, and relied upon without filing a new one above, we think the motion to

amend on trial was properly refused : And when it is con-
sidered that the county court, in appealed cases, have not
an original, but a *derivative* jurisdiction, and that the case
came by appeal from a justice, and it appears by the record
that the whole proceeding was *coram non judice,* for the
county court first to assume jurisdiction of the cause, and
allow an amendment which would give a kind of *nunc pro
tunc* jurisdiction to the justice, and then make that the ba-
sis of their own ultimate jurisdiction of the cause, would
not be within the " power" of the county court : that is,
it would not be the legitimate and proper exercise of their
judicial power as a court of law.

The judgment of the county court is therefore affirmed.