WILLIAM M. SUTTON & HARRY SUTTON *v.* JOHN TYRRELL. CHITTENDEN,
*January,*
1838.

*Audita Querela* cannot be sustained for error in law or in fact.

The Court, before whom a cause is pending, has power to decide on the authority of a person to appear and answer for a party, in said cause.

The decision, which said Court makes on that point, cannot be revised by an *audita Querela.*

THIS was an *Audita Querela,* brought to set aside a writ of execution, which issued on a judgment rendered by Truman Barney, a justice of the peace, in favor of the defendant in this suit, against the complainants in a suit brought by the defendant against the complainants, because the complainants, as they alleged, had been deprived of their day in court, in the suit before said justice Barney, by the wrongful act of the defendant.

Plea—Not Guilty. Issue to the country.

Upon the trial of the cause in the County Court, the complainants offered evidence, tending to prove, that on the day of the court before said justice Barney, in the suit in favor of the defendant, against the complainants, they sent one Horace Ferris, to appear for them, in that suit, with directions to have a judgment entered against them, and an appeal taken therefrom to the County Court; that Ferris, on the day and at the place of the court before said justice, made known to said justice, that he was directed by the complainants to appear for them and appeal the suit, as before stated, and offered to do so; that he tendered said justice his fees, and offered to become bail for the appeal; that the defendant objected to the said Ferris' appearing in said suit for the complainants for the reason, that he was not an attorney of any court in this state, and had no written authority from the complainants, to appear for them, in said suit, and insisted that some evidence, other than the declaration of said Ferris, that he was authorised to appear in that suit for the complainants, should be produced before said justice; that the said justice thereupon refused to allow the said Ferris to appear in, and appeal said suit, for the complainants, and rendered a judgment therein, in favor of the defendant, by default, and assessed the damages.

Upon these facts, the defendant insisted that the writ of

CHITTENDEN, *audita querela* would not lie ; but the County Court deci-
January,
1838.      ded that it was the proper remedy.

Suttons       The defendant requested the court below to charge the
v.       jury ;—That, as the said Ferris was not an attorney of any
Tyrrell.      court in this state, and as he had no written authority to
appear for the complainants, in the suit aforesaid, the refu-
sal of said justice to allow him to appear was lawful and
right.

But the court charged the jury ; that the said justice
Barney ought to have permitted said Ferris to appear in, and
appeal said suit, for the complainants ; that an individual,
who was not an attorney of any court in this state, might,
without written authority, appear for a party in a suit, pen-
ding in a justice's court.

The jury returned a verdict for the complainants, and the
defendant excepted.

*Maeck & Smalley*, for defendant.

The substance of the complaint is, that the magistrate
erred, in refusing to permit one Horace Ferris, to answer for
the complainants ; and that he likewise refused to permit the
same person to appeal the suit, after it had been defaulted.

If any wrong was done to the complainants, it was the act
of the court, and not of the defendant ; and *audita querela*
cannot be sustained. *Dodge* v. *Hubbell*,1 Vt. R. 491. *Little*
v. *Cook*, 1 Aikens' R. 363. *Lovejoy* v. *Webber*, 10 Mass.
R. 103.

It was the duty of the magistrate to examine into the pow-
er of the person, who attempted to appear for the complain-
ants, and to forbid his appearance if he thought fit.

The magistrate had no power, by statute, to permit the par-
ty to appeal from a default ; and if no person appeared for
the complainants, they must necessarily be defaulted. The
act of 1829 points out the appropriate remedy for the
complainants.

*W. P. Briggs*, for complainants.

The complainants were, by the arbitrary and illegal
decision of Mr. Justice *Barney*, deprived of their day
in Court. *Audita querela* is the proper, if not the only
process, which can fully redress the grievance of the com-
plainants.

The doctrine that a man must be a member of the bar, or

have a written power of attorney in his pocket, before he can appear for his neighbor in a Justice's Court, a court where the proceedings are nearly all *ore tenus*, can never, for a moment, be tolerated. The practice has been otherwise for forty years.

It was the duty, then, of Mr. Justice *Barney* to listen, with a gracious ear, to the prayer of the complainants through their agent Ferris, and render a judgment for the then plaintiff, enter an appeal, and recognize Ferris to prosecute.

Ferris was not the attorney of the complainants, within the spirit and meaning of the word, "attorney;" as used in the 12th section of the statute of '97. See statute, 204. The popular and practical definition of the word, as used in that section of the statute, is one who counsels or advises a party in the preparation and trial of his cause. Ferris was the mere agent of the plaintiffs, for a specific purpose, and that agency, in no sense, connected with the trial of the cause.

The opinion of the Court was delivered by

COLLAMER, J.—This is an *audita querela* to set aside an execution and recover damages, on the ground that there is no judgment, or an irregular judgment, on which such execution issued; for this, that the complainants sent a person to answer to the suit before the justice and appeal the same, whose authority to appear being objected to by the opposite side, on the ground that he was not an attorney of record, and presented no written power of attorney, his appearance was denied by said Justice, and a judgment rendered by default, on which execution issued. The writ of *audita querela*, whatever may have formerly been its use in this state, is now confined almost to its common law limits. It is a writ to set aside an execution, for causes which arose after judgment, and to recover damages of the opposite party. It did not, at common law, extend to the judgment. That, could be set aside only by a writ of error, which preserved the cause, correcting the error. The writ here has, however, been holden to extend to those cases where the judgment has been rendered without notice, or where the defendant has been prevented attending, by the fraudulent procurement of the plaintiff. In this case the record shows a regular *notice* of the suit before the Justice, a regular judgment by default, in a case within the jurisdiction of the Justice, remaining in full force, and no

Chittenden,
January,
1838.

Suttons
*v.*
Tyrrell.

event subsequently transpiring to vacate the same. This judgment cannot be set aside any more by *audita querela* than by an action on the case, for any error of law or fact. As damages are to be given against the party, the *audita querela* must be for some illegal or fraudulent act of *the party*. No judgment of the Court on any question of law or fact, on which it was the duty of the Court to pass, can be revised by *audita querela*. When the person appeared before the Justice to answer for the present plaintiff, it was undoubtedly the duty of the Justice, especially, if his authority to appear, was questioned, to decide that point. It is not to be endured that he must permit all men and any man to appear. Such a doctrine would be productive of consequences too disastrous to be contemplated. It was then the duty of Justice to decide. He did decide and it is not now important to inquire whether he decided correctly or not. Like the decision of the Justice, as to the damages, in the case of *Dodge* v. *Hubbell*, 1 Vt. R. 491, it cannot be revised in a proceeding to set aside the execution and so vacate the whole proceeding and give damages against the opposite party. We are not prepared to adopt the doctrine required in deciding for the complainants, that is, that, if a party takes a judgment, after legal notice, before a Court of competent jurisdiction, yet if error in law or in fact has intervened in the rendition of said judgment or in the decision of any interlocutory question therein, an action to vacate the whole and render a judgment for damages against the party who procured the proceedings can be sustained ; even though he may have urged improper or unfounded objections, or arguments to the Court. This is a case of the first impression, and not a single authority or analagous case is produced to sustain it.

Judgment reversed.