Wightman
*v.*
Carlisle.

---

### IRA WIGHTMAN *v.* SOLOMON B. CARLISLE.

In an action for a breach of warranty, on the sale of a horse, in two counts,
alleging, in each count, that the plaintiff had been put to great charges
and expenses in keeping the horse, 'to wit, one hundred dollars,' the
declaration concluding ' to the damage of the plaintiff one hundred dol-
lars,'—*it was held* that a justice of the peace had jurisdiction of the
action.

An allegation that, on &c., in consideration that the plaintiff, at the de-
fendant's request, had then and there delivered to the defendant a certain
horse in exchange for a certain other horse, the defendant then and there
promised that the latter horse was sound, is an averment that the war-
ranty was given at the time of the exchange, and shows a sufficient con-
sideration for the promise.

ASSUMPSIT on the warranty of a horse. The plaintiff de-
clared in two counts. The first count was in the usual form,
and each count alleged that the plaintiff had been put to
great charges and expenses in and about feeding, keeping,
and taking care of said horse, ' to wit, the sum of one hun-
' dred dollars.' The whole declaration concluded ' to the
' damage of the plaintiff one hundred dollars.'

In the second count the plaintiff declared, ' that, whereas,
' &c., on &c., in consideration that the plaintiff, at the like
' special instance and request of the defendant, had then and
' there delivered to the defendant a certain other horse of
' him the plaintiff, in exchange for a certain other horse of
' him the defendant, &c., he, the defendant, then and there
' undertook and faithfully promised, &c.' (setting out the
warranty and alleging the breach.)

This action was commenced before a justice of the peace,
and was appealed to the county court. The defendant
moved the county court to dismiss the action on the ground
that it appeared, from the declaration, that the justice of the
peace had not jurisdiction of the plaintiff's claim. The
county court overruled the motion, and a verdict was found

for the plaintiff. The defendant then moved in arrest of judgment for the insufficiency of the declaration. This motion, also, was overruled, and judgment rendered for the plaintiff on the verdict. The defendant excepted.

WINDSOR,
February,
1842.

Wightman
v.
Carlisle.

*S. Fullam, Jr.*, and *O. P. Chandler*, for defendant.

I. The justice, who tried this cause, had no jurisdiction, because the plaintiff alleges, in each of his counts, that the horse he bought of defendant was greatly injured in consequence of the unsoundness complained of, and rendered of no value; and that the plaintiff expended one hundred dollars in keeping and taking care of said horse in consequence of said unsoundness, and hence the matter in demand exceeded one hundred dollars.

II. The second count in the declaration is insufficient, because the warranty is alleged to have been made after the exchange, and in consideration thereof. *Bloss* v. *Kittredge*, 5 Vt. R. 28.

III. There was a general verdict, and if one count in plaintiff's declaration is bad, judgment must be arrested.

*D. Kellogg*, for plaintiff.

I. The case was within the jurisdiction of the justice. Although the two counts, when taken together, amount to more than one hundred dollars, yet, as they are both for the same thing, it constitutes no objection, inasmuch as either count alone is clearly within the jurisdiction of the justice. *Richards* v. *Davidson*, 1 Aikens' R. 215.

II. The decision of the county court, overruling the motion in arrest, was correct. The two counts in the plaintiff's declaration are good, and in strict conformity to the most approved precedents. 2 Chitty's Pleadings, 100, 102. *Hayes* v. *Warren*, 2 Strange's R. 933. *Pillans* v. *Mierop*, 3 Burrow, 1671. 1 Saunders' R. 264, note 1. 1 Chitty's Pleadings, 296.

III. If either count *was defective*, the defect would be aided by the verdict, unless the defect be such as to amount to an omission of the gist of the action. 1 Salk. 29. 3 Burrow's R. 1725. *Bull* v. *Steward*, 1 Wilson's R. 254. 5 Comyn's Dig. 521, title Pleader, sec. 45. *Stone* v. *Van Curler*, 2 Vt. R. 115, 116. 2 Strange, *ut supra*.

WINDSOR,
*February,*
1842.

Wightman
*v.*
Carlisle.

The opinion of the court was delivered by

ROYCE, J. — This is an action of assumpsit upon the warranty of a horse, and was originally commenced before a justice of the peace. The case is brought here on exceptions to two decisions of the county court; one upon a motion to dismiss the action for want of jurisdiction in the justice court, and the other upon a motion in arrest of judgment, after a verdict for the plaintiff.

The ground of the first motion was that the declaration showed a greater amount than one hundred dollars to be in contest and demand. The declaration contains two counts, upon either of which, if duly sustained in proof, the plaintiff might legally have claimed to recover even more than one hundred dollars. But admitting this, and even conceding that the two counts should be understood as descriptive of distinct transactions, (which is by no means a necessary intendment,) he was still at liberty to bring his action before the justice court. It is not the amount of injury sustained, but the amount *in demand,* and actually sought to be recovered, which forms the test of apparent jurisdiction in actions of this sort. Indeed, this is the apparent test in most cases, where the nature of the subject-matter renders it cognizable before a justice, and where the jurisdiction of the justice is sought to be ousted, unless the statute has prescribed some other test; as it has done in actions upon promissory notes, &c. The plaintiff is not generally bound to ask all that in justice he is entitled to recover. He may demand less, and thereby confer jurisdiction upon a justice court, though the case upon its merits would properly belong to a higher jurisdiction. As the plaintiff, upon his whole declaration in this case, has demanded but one hundred dollars, there is no doubt that the justice had jurisdiction.

It is contended, in support of the motion in arrest, that the contract or promise of warranty, as set forth in the second count, was founded on a past consideration, and therefore was a void promise. A warranty, as to the quality of property sold, is usually taken to be a part of the contract of sale,—a provision or clause in the contract by which the price is materially affected. It is, therefore, a rule, that to render the warranty binding it must be given at the time of the sale. This is always required, when the warranty is de-

pendent on the sale for its consideration. It has been suggested, in argument, that if the purchase is made at the special request of the seller, his subsequent warranty is valid without any further consideration. To this proposition I do not assent. Such a case is evidently unlike the ordinary cases, where a prior request is held to sustain a subsequent promise. Those are cases where the request has imposed some continuing obligation upon the party making it; a moral obligation at least. But when a purchase or exchange of property has been made, though at the special request of one party, it does not usually happen that any obligation, even of the moral kind, continues to subsist between the parties, as the necessary result of that transaction, beyond the consummation of the contract. The property parted with, and the equivalent received, are supposed to balance each other, and all obligations connected with the contract would, therefore, seem to be merged in its complete execution. We are of opinion, however, that this count in the declaration sufficiently alleges the warranty as given at the time of the exchange. The allegation is, that in consideration that the plaintiff 'had then and there' delivered to the defendant a certain horse of the plaintiff, in exchange for a certain horse of the defendant, he, the defendant, 'then and there promised' that the latter horse was sound, &c. This is the form of expression used in the most approved precedents, when it is intended to allege the acts or undertakings of the parties to have been concurrent and simultaneous. It may have been adopted in consequence of the decision in *Hayes* v. *Warren*, 2 Str. 933. In that case the declaration alleged the promise to have been made *after* the consideration had arisen, though on the same day; but having omitted to state that the consideration arose at the defendant's request, or to aver any subsisting liability upon the defendant at the time of making the promise, it was adjudged defective, as having founded the promise upon a past consideration. It is known to every pleader that these distinctions are steadily kept in view in the modern forms. If a subsisting indebtedness or liability is alleged, either as legally resulting from a benefit contracted for and received by the defendant, or as the consequence of some act done at his request, the promise may be made, and may, therefore, be alleged, at any time

WINDSOR,
*February,*
1842.

while such indebtedness or liability continues. But if the consideration originates at the same time with the promise, the declaration must conform to the truth of the case in that particular. It will be perceived, from what has been said, that I regard the defendant's alleged request in this instance as of no avail. But the exchange and warranty appearing to have been concurrent in point of time, the warranty is well sustained by the exchange as its consideration.

Judgment affirmed.