ORAMEL H. SMITH v. JONATHAN C. SMITH.

When the principal of a note, together with the interest, exceeds twenty
dollars, the right of appeal from a judgment of a justice, thereon, is not
taken away by statute.

THIS was an action of assumpsit, commenced before a
justice of the peace, on a promissory note for $16, dated
April 1, 1835, and payable with interest, in which the plain-
tiff laid his damages at $25, and recovered a judgment be-
fore the justice, for the sum of $20.40 damages and his cost.
From this judgment the defendant appealed to the county
court; and on the entering of the appeal, the plaintiff moved
that the same be dismissed for want of appellate jurisdiction
in that court. The court decided that the appeal be dis-
missed, for the want of jurisdiction; to which decision the
defendant excepted.

*J. A. Vail* and *W. K. Upham*, for defendant.

The only question in this case, is, had the county court
appellate jurisdiction? We insist that the case was appeal-
able, by the 45th section of chapter 26 of the Revised Stat-
utes, page 174, and is not within the restriction of the 51st
section of that chapter. The 51st section declares that "no
appeal shall be allowed in actions on notes of an amount not
exceeding twenty dollars." Rev. Stat., p. 175. The amount
of a note is the principal and interest added together. And
more than $20 principal and interest was due upon the note
in suit, at the time the suit was commenced, and at the time

of the appeal. Not only was the principal and interest of the note over $20, but the sum recovered before the magistrate was over $20, and the *ad damnum* in the plaintiff's writ was over that sum. How, then, can it be said that this was a note of an amount not exceeding $20 ?

It is the amount appearing to be due from the note, or from the record of a judgment, that is to determine the question of jurisdiction. *Brush et al* v. *Torrey*, Brayton's R. 141 ; *Southwick et al.* v. *Merrill*, 3 Vt. R. 320 ; *Church* v. *Vanduzee*, 4 do. 195 ; *Hill* v. *Wait*, 5 do. 124 ; *Boardman* v. *Harrington*, 9 do. 151 ; *Perkins* v. *Rich*, 12 do. 595. See also the Revised Statutes, p. 170, sec. 8.

*O. H. Smith, pro se.*

The plaintiff contends that the county court has no appellate jurisdiction of this action. The statute, page 175, sec. 51, provides that " no appeal shall be allowed in actions on notes and accounts stated of an amount not exceeding twenty dollars."

It is apparent that the reason for restricting the right of appeal in these cases was, ": that demands of that nature carried with them so much certainty, and were generally so free from dispute, that sound policy required that the judgment of a justice upon them, when they did not exceed $20, should be final ; and that, to allow an appeal, would only lead to useless expense and delay." See *Baker* v. *Blodgett*, 1 Aik. R. 342.

This case comes clearly within the letter as well as the true intent and meaning of the statute resisting the right of appeal. It has been held, that promissory notes exceeding $20, but endorsed below $20, were appealable. This virtually decides the question. The amount of the note, as originally given, therefore, determines the jurisdiction. *Boardman* v. *Harrington*, 9 Vt. R. 151.

The opinion of the court was delivered by

WILLIAMS, Ch. J. —The question in this case is whether the county court had appellate jurisdiction of this action. The statute takes away the right of appeal in actions on note, of an amount not exceeding twenty dollars. When a note is payable with interest, the interest is a part of the

WASHINGTON,
*March,*
1843.

Smith
*v.*
Smith.

contract, and the principal and interest together constitute the amount of a note, unless there is an endorsement. In this case it appeared, from the declaration, the amount recovered, and the *ad damnum*, that the amount of the note exceeded twenty dollars, and was, therefore, appealable. The decision in the case of *Boardman* v. *Harrington*, 9 Vt. R. 151, was on another branch of the statute, taking away the right of appeal, when the matter in demand did not exceed ten dollars. The decision in the case of *Tyler* v. *Lathrop*, 5 Vt. 170, was before the passing of the present statute, which provides that the matter in demand, in an action on note, should be considered the amount of the note deducting endorsements. Neither of these decisions are opposed to the views which we entertain in the present case. The right of appeal was not taken away, in this case, and the judgment of the county court, dismissing the action, was erroneous, and is reversed.