#### FOR THE

## COUNTY OF ADDISON.

### JANUARY TERM, 1848.

---

PRESENT,

Hon. STEPHEN ROYCE, CHIEF JUDGE,
Hon. MILO L. BENNETT, ⎫
Hon. DANIEL KELLOGG, ⎬ ASSISTANT JUDGES.
Hon. HILAND HALL, ⎭

---

## ELIAS S. PERSONS *v.* CENTRE TURNPIKE COMPANY.

It is for the party who appeals from the judgment of a justice of the peace to show affirmatively, that the county court has appellate jurisdiction. Where the declaration contains several counts, and there is nothing upon their face which shows that the sum in demand exceeds ten dollars, but each count concludes with an *ad damnum* of ten dollars, and the counts are of the same nature and describe apparently the same contract, the county court should not intend, that they are for different causes of action, but rather the contrary, and should, in the absence of any proof except what is shown by the declaration, dismiss the suit.

ASSUMPSIT. The action was commenced before a justice of the peace and was brought to the county court by the defendant by appeal. The declaration contained three counts, in each of which it was alleged, in different forms, that the defendants, on the first day

of April, 1846, in consideration of one dollar and fifty cents, agreed that the plaintiff might pass their toll gate in Ripton for one year, without carrying lumber, but that they had refused to do so; and each count concluded "to the damage of the plaintiff ten dollars." It appeared from the record, that a verdict was returned in favor of the plaintiff, before the justice, for $6,50. The plaintiff moved to dismiss the suit, for want of appellate jurisdiction in the county court.

The county court, December Term, 1846,—BENNETT, J., presiding,—overruled the motion; to which decision the plaintiff excepted.

*J. C. Wicker* and *E. D. Barber*, for plaintiff, cited *Brush* v. *Hurlburt*, 3 Vt. 46; *Richardson* v. *Denison*, 1 Aik. 210; *Hill* v. *Wait*, 5 Vt. 124; *Bell* v. *Mason*, 10 Vt. 509; *Weston* v. *Marsh*, 12 Vt. 420; *Wightman* v. *Carlisle*, 14 Vt. 296; *Boardman* v. *Harrington*, 9 Vt. 151; *Stevens* v. *Howe*, 6 Vt. 572.

*Linsley & Beckwith*, for defendants, insisted, that under this declaration the jury might have assessed distinct damages upon each count, and cited Chit. Pl. 391; 2 M. & S. 533; 11 Mod. 196.

The opinion of the court was delivered by

BENNETT, J. The only question in this case is, had the county court appellate jurisdiction? The statute takes away the right of appeal from the judgment of a justice, in actions in which neither the *ad damnum*, nor the sum demanded by the declaration, exceeds *ten dollars.*

In this case there is nothing to show, that by the declaration a sum is demanded beyond ten dollars; and consequently, this being upon the face of the declaration an open question, the fact whether the county court had appellate jurisdiction must depend upon the *ad damnum.* As each count in the declaration concludes with an *ad damnum* of ten dollars, it is doubtless true, that, if the counts are, in point of fact, for different causes of action, there might be an assessment of damages on each count; and the aggregate of the assessment might exceed ten dollars. If, however, the counts are for the same cause of action, then there can be but a single assess-

ment, and the *ad damnum* would limit the right of recovery to ten dollars.    It is for the defendant to show affirmatively, that the county court had appellate jurisdiction ; and this is not shown, unless it is to be *intended,* upon the face of the declaration, that the counts are for distinct causes of action.    This is by no means a necessary *intendment ;* neither do we think it is the reasonable intendment. Instead of the counts being descriptive of distinct transactions, we think they are descriptive of a single transaction,—at least that it cannot be intended, that they are for distinct transactions.    See *Richardson* v. *Davidson,* 1 Aik. 215, and *Wightman* v. *Carlisle,* 14 Vt. 296.

The result is, the judgment of the county court is reversed, and judgment rendered, that the cause be dismissed for want of jurisdiction, and that the plaintiff recover his costs accruing subsequent to the appeal.