ELEVENTH SCHOOL DISTRICT IN ALBURGH *v.* HORACE ROOD
AND ABRAM STANBARGE.

*Audita Querela. Practice.*

If a party has legal notice of a suit in which a judgment is recovered against him before a court of competent jurisdiction; error, in *law or fact*, in the court, whether upon a decision on the merits of the case, or upon some interlocutory question, is no ground for setting aside the judgment on *audita querela.*

An erroneous decision of a justice of the peace, respecting the right of the prudential committee of a school district to appear and defend a suit against said school district, before said justice, is no ground for relief by *audita querela.*

A justice of the peace has power to decide on the right of the prudential committee or of others to appear in his court. Such a power is incidental to all courts.

AUDITA QUERELA. The complaint set forth the issuing and service of a writ in favor of the complainants against the defendant, returnable before Albert C. Butler, justice of the peace, and that at the time and place set in said writ for trial "the said "eleventh school district, by the prudential committee and clerk "of said district, came to and before said justice Butler at the time "and place set for trial as aforesaid, and proposed, claimed and "insisted on their right to appear in said cause, and then and there "offered to appear in said cause, and defend said cause as the pro-"per and legal officers of said district, and as having power for "that purpose, there being at that time no agent or attorney of "said district for prosecuting or defending suits in which said dis-"trict was a party; and Hamilton Babcock and Benjamin Gordon,

" two taxable and taxed inhabitants, and legal voters in school dis-
" trict meetings of said district, and having an interest in said suit,
" did at said time and place set for trial of said cause, come before
" said justice Butler, and severally and jointly claimed, insisted and
" proposed to answer to and defend said suit, before him, the
" said justice Butler; and the said eleventh school district says, that
" said Rood and Stambarge, by themselves, their agents and attor-
" neys, wickedly and illegally induced and procured said justice
" Butler, as such justice as aforesaid, to reject and deny said dis-
" trict the right and privilege of appearing and defending said
" suit, and to reject and deny said prudential committee the right
" and privilege of entering and appearing in said suit to defend the
" same; also denied said Gordon and said Babcock the right or
" privilege of answering to or defending said suit; but on the con-
" trary thereof procured said justice, unlawfully and unjustly to
" render judgment in said cause by default against said school dis-
" trict."

To this complaint the defendant demurred. The county court,
August Term, 1853,—PECK, J. presiding,—sustained the demur-
rer and rendered judgment for the defendants, to which the com-
plainants excepted.

*G. Harrington,* for the complainants.

*F. Hazen,* for the defendants.

The opinion of the court was delivered by

BENNETT, J. An *audita querela* can never be sustained for
what is only matter of error, whether it be error in law or in fact.

The justice had power to decide on the right of the prudential
committee or of others to appear in his court. Such a power must be
incidental to all courts; and without it every loafer in the streets
might appear in a justice's court. It is not important in this case
to inquire whether the justice decided right or wrong. If a party has
legal notice of a suit, and the plaintiff takes a judgment against
him before a court of competent jurisdiction, error *in law or fact,*
in the court, whether in a decision upon the merits of the case or
upon some interlocutory question, is no ground to set aside the
judgment upon *audita querela,* and to put the party out of court.

This case must be governed by the case of *Sutton* v. *Tyrrell,* 10 Vt. 87, and not by the case of *Tyler* v. *Lathrop,* 5 Vt. 170.   This latter case has been frequently questioned, and has not been extended to other cases by analogy.   We are not called upon to decide whether the plaintiff in the *audita querela* could have relief by petition under the *fraud, accident or mistake law,* as it is called.

The judgment of the county court is affirmed.