## JOSEPH BRADISH v. ALONZO REDWAY.

*Audita Querela. Appeal. Justice of the Peace. Petition.*

If, in a suit before a justice of the peace, not otherwise appealable, in which the defendant has pleaded the authority of a court in justification, the justice refuses to allow an appeal from his judgment, *audita querela* will not lie to set aside such judgment.

The remedy of the aggrieved party in such a case is by petition to the county court under chapter 36, section 8, Comp. Stat. (Gen. Stat. p. 334, sec. 7.)

AUDITA QUERELA to set aside the judgment of a justice of the peace in favor of the defendant against the plaintiff, on the ground that an appeal from such judgment was improperly denied the plaintiff. Plea, not guilty, and trial by the court, at

the March Term, 1862, in Washington county, KELLOGG, J., presiding.

The action in which the judgment, sought to be vacated, was rendered, was trespass in favor of the defendant against the plaintiff, for taking a trunk and fiddle. The *ad damnum* in the writ in that action was ten dollars, and the defendant claimed on trial damages only to the amount of eight dollars and ninety cents, for which sum judgment was rendered in his favor. In that action the plaintiff (then defendant) put in a plea of justification for such trespass, that he took the property in question as sheriff, by virtue of a writ of replevin, in favor of one Wood against the defendant. It appeared that there was great irregularity in the mode of service of such replevin by the plaintiff, both in the appraisal of the property replevied and in the neglect to take a bond from the plaintiff in the replevin action, as required by statute, and that the writ of replevin was never returned by the plaintiff, to the court to which it was made returnable.

After judgment had been rendered for Redway in the trespass action, and within the proper time, the plaintiff asked to be allowed an appeal, but the justice of the peace refused to allow the same. On the trial of this action the plaintiff introduced the testimony of his attorney, tending to show that the above mentioned plea of justification was pleaded by him in good faith.

Upon the foregoing facts the county court found that such plea of justification was pleaded by Bradish in the action of trespass in good faith, and decided that therefore that action was appealable, and rendered judgment for the plaintiff, to which the defendant excepted.

*O. H. Smith*, for the defendant.

*Wing, Lund & Taylor*, for the plaintiff.

PIERPOINT, J. This is an *audita querela* brought to set aside a judgment of a justice of the peace, rendered against the plaintiff in this proceeding, on the ground that an appeal was

Bradish *v.* Redway.

improperly denied him. Neither the plaintiff's writ, nor his claim in the proceeding before the justice come within the statute so as to make the case appealable, but it is insisted that the plea which the defendant in that suit filed as a defence was of such a nature as to bring the case within the provision of the statute allowing appeals in such cases, when such plea is filed in good faith. Whether in this instance the plea was filed in good faith or not, the magistrate must determine before granting or denying the appeal. He denied the appeal. Whether his judgment in the matter is to be regarded as conclusive or not, is a question we do not now determine. But we are all of the opinion that in a case of this kind *audita querela* is not a proper remedy. In *Tyler* v. *Lathrop*, 5 Vt. 170, *audita querela* was held to be a proper remedy to set aside a judgment when the magistrate rendering the judgment had illegally denied an appeal. The case upon its face was appealable, and the statute gave the right absolutely, and the magistrate had no discretion or judgment to exercise in the matter.

That case has since been followed, but with reluctance, and, if the question were now an open one, probably a different rule would be adopted. This court has said in following that case, that they would not extend the rule therein laid down, but in cases of this character would confine its application to cases " precisely identical;" *Spear* v. *Flint*, 17 Vt. 499 ; *Harriman* v. *Swift*, 31 Vt. 385.

We are inclined to this strictness from the consideration that the proceedings by *audita querela* are harsh, and often unjust in their operation. The party has his judgment vacated, his security destroyed, if he has any, and he is involved in costs, without remedy, and this independently of the merits of his claim ; while the other party has an ample remedy by petition under the statute, where the rights of both parties are fully secured and protected, and a new trial granted if the party is entitled to it, and the merits of the claims finally adjusted and determined. To that remedy, we think, the plaintiff in this case should have resorted, and to that we are inclined to leave him.

The judgment of the county court is reversed, and judgment rendered for the defendant for his cost.