OLIN SCOTT v. C. H. DARLING.

May Term, 1894.

*Appeal from justice judgment. Balance of account. Audita querela. Attorney's lien.*

1. No appeal can be had in a justice suit brought to recover a balance of less than twenty dollars upon an open account of more than twenty dollars, where the defendant does not file an affidavit with the justice stating that he had a good defence to more than twenty dollars of the account.

2. The balance claimed on trial was eighteen dollars and eleven cents. Into this balance entered two installments of four dollars upon an order for sixteen dollars. The defendant claimed that the justice judgment fixed his liability upon the balance of the order, which he assumed was twelve dollars, and that therefore the amount claimed was really thirty dollars and eleven cents. *Held*, that the position was not tenable for the reason, if no other, that it did not appear that the balance of the order was unpaid.

3. An attorney who receives the money of his client without any special agreement, may retain it until he is paid a general balance due him for professional services.

4. *Audita querela* will not lie to set aside the judgment of a justice for that the justice improperly denied an appeal, unless the suit was appealable on its face.

5. The plaintiff's *ad damnum* was twenty dollars, and the sum demanded in each of the common counts was eighteen dollars. *Held*, that the sum demanded by the declaration did not exceed twenty dollars, for each of the counts might be, and would be presumed to be for the same cause of action.

*Audita querela.* Heard at the December term, 1893, Bennington county, upon demurrer to the declaration, Ross, C. J., presiding. Judgment that the demurrer is sustained and that the declaration is insufficient. The plaintiff excepts. Exceptions certified to supreme court before final judgment. The case appears in the opinion.

*W. B. Sheldon* for the plaintiff.

*Audita querela* is the proper remedy. *Hastings* v. *Webber*, 2 Vt. 407; *Tyler* v. *Lathrop*, 5 Vt. 170; *Edwards* v. *Osgood*, 33 Vt. 224; *Sawyer* v. *Cross*, 65 Vt. 158; *Bradish* v. *Redway*, 35 Vt. 426.

The plaintiff had no right to apply the mony which he received as attorney upon the plaintiff's account. *Plimpton* v. *Gleason*, 57 Vt. 607; *Hodge* v. *Manley*, 25 Vt. 214.

*C. H. Mason, Batchelder & Bates* and *O. M. Barber* for the defendant.

*Audita querela* is not the proper remedy where it appears upon the face of the papers that the defendant is not entitled to an appeal. *Spear* v. *Flint*, 17 Vt. 497; *Bradish* v. *Radway*, 35 Vt. 424.

ROWELL, J.   The statute allowing an appeal from the

judgment of a justice in a civil cause, declares that no appeal shall be allowed in actions in which neither the *ad damnum* in the writ, nor the sum demanded by the declaration, nor the specifications or exhibits of the plaintiff on trial, shall exceed twenty dollars; nor in actions of assumpsit to recover a balance due on account, when the balance claimed does not exceed twenty dollars; but it provides, among other things, that in actions of assumpsit to recover a balance due on account, an appeal shall be allowed when the defendant files with the justice within two hours of the rendition of judgment an affidavit setting forth that he has a good defence to more than twenty dollars of the plaintff's account. Acts of 1884, No. 122.

The action in which was rendered the judgment sought to be set aside was an action of assumpsit, in which the *ad damnum* was twenty dollars, and it was brought to recover a claimed balance of less than twenty dollars on an open account of more than twenty dollars. The defendant therein prayed for an appeal; but as he filed no affidavit that he had a good defence to more than twenty dollars of the plaintiff's account, an appeal was denied.

It is now claimed that the account referred to in the statute in this connection is not an open account but an account stated, and that the action was appealable, because both the sum demanded by the declaration, as it is claimed, which was in the common counts, and the specifications of the plaintiff on trial, exceeded twenty dollars. But the statute provides in another sub-division of the same section for appeals in actions on accounts stated, which shows that the account referred to in this connection is not an account stated but an open account. And the provision denying an appeal if neither the *ad damnum* in the writ, nor the sum demanded by the declaration, nor the specifications of the plaintiff on trial, shall exceed twenty dollars, is controlled by the further provision that in actions of assumpsit to recover a balance

due on account, when the balance claimed does not exceed twenty dollars, no appeal shall be allowed except as provided. This latter provision is an exception to, and a limitation upon, the former provision, and renders the former inoperative in cases coming within the latter.

It is further claimed that inasmuch as a part of the balance claimed consisted of two instalments of four dollars on a written order of sixteen dollars, the judgment unappealed from fixed the right to recover the balance of the order, which is assumed to be twelve dollars, so that really and in legal effect the balance claimed was thirty dollars and eleven cents instead of eighteen dollars and eleven cents, as stated in the specifications. But it does not appear but that all the other instalments of the order had been paid, leaving these all that remained to be paid. If this was so, there is no ground for the claim; and it must be taken to be so for present purposes.

It is also claimed that the defendant had no right to retain and credit the money he collected for plaintiff as his attorney, but that it was the defendant's duty to pay it over as soon as collected, less the costs and charges of collection. But the law is quite otherwise. An attorney has a right to retain the money of his client that comes into his hands without any special agreement in regard to it, until he is paid the general balance due him for professional services. *Weed* v. *Boutelle*, 56 Vt. 570, 578.

As to the remedy, *audita querela* is not proper in this case. It does not come within *Tyler* v. *Lathrop*, 5 Vt. 170, which has been reluctantly followed, and only in cases precisely identical. The judgment set aside in that case was rendered in an action that was appealable on its face, and the justice was bound to allow an appeal, as is said in *Bradish* v. *Redway*, 35 Vt. 426. But in this case the action was not appealable on its face, even if we are confined to the writ and the declaration, as the plaintiff claims we are; for the

33

sum demanded by the declaration was only eighteen dollars, as that is the sum alleged as the amount of the indebtedness, and the *ad damnum* was only twenty dollars. It is claimed, however, that the sum demanded by the declaration was as many times eighteen dollars as there were counts in the general count. But as those counts may all be for the same subject-matter, they will be taken to be so, when to suppose otherwise they would exceed the jurisdiction of the justice as limited by the *ad damnum*. The *ad damnum* usually determines the jurisdiction as shown by the declaration, unless the declaration clearly shows that the matter in demand exceeds the jurisdiction. *Richardson* v. *Denison*, 1 Aik. 210; *Bell* v. *Mason*, 10 Vt. 509; *Wightman* v. *Carlisle*, 14 Vt. 296; *Persons* v. *Center Turnpike Co.*, 20 Vt. 170.

The declaration alleges that the specifications before the justice exceeded twenty dollars, but it does not allege that the plaintiff in that action claimed a balance exceeding that sum, and such is not the fact; and therefore this plaintiff does not seek, in argument, to stand on that allegation unless it accords with the legal effect of the specifications as they in fact were, and we treat the allegation as the plaintiff treats it, and hold that it does not accord with the legal effect of the specifications.

The judgment below was interlocutory, sustaining the demurrer and adjudging the declaration insufficient.

*That judgment is affirmed, and final judgment rendered for the defendant to recover his costs.*

Start, J., being engaged in County Court, did not sit.