FOR THE

## COUNTY OF LAMOILLE,

APRIL TERM, 1844.

---

PRESENT,

Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

JOSEPH BETTY v. WELCOME S. BROWN.

Where judgment is rendered by default, by a justice, in an action of trespass, the fact, that the justice assessed the damages without hearing or requiring any testimony, and that the party procured an irregular adjudication and certificate that the cause of action arose from the wilful and malicious act of the defendant, is no ground for setting aside the judgment and execution by *audita querela*.

A judgment, rendered by a justice by default, on a writ dated in December, 1840, and, by mistake, made returnable in January, 1840, instead of 1841, is not on that account void; nor can the party, against whom such judgment is rendered, and against whom an execution thereon has issued, be relieved from either by *audita querela*.

AUDITA QUERELA. Plea, the general issue, and trial by the court.

The complainant alleged in his complaint that the defendant, on the twenty second day of December, 1840, prayed out a writ of attachment against the complainant, bearing date that day, and made

returnable before the justice, who signed the same, on the ninth day of January, 1840 ; that the defendant declared therein against the complainant in a plea of trespass for taking certain personal property ; that service of said writ was duly made upon the complainant ; that, on the ninth day of January, 1841, the defendant procured the said justice to render judgment by default in said action against the complainant, for the sum of $32 damages,—all which was done without the introduction of any testimony whatever, and entirely without the knowledge or consent of the complainant; that, some days after the ninth day of January, 1841, the defendant procured the said justice to certify on said writ that he adjudged, at the time of rendering said judgment, that the cause of action arose from the wilful and malicious act of the complainant, and that, from a consideration of the facts in the case, the complainant ought to be confined in close jail,—and to issue an execution on said judgment with a like certificate thereon, upon which execution the complainant had been committed to jail ; and the complainant charged that no motion or action was had in reference to said certificate at the time of the rendering the said judgment by default, and that no testimony was introduced, or hearing had, in relation thereto.

On trial the complainant proved the facts to be substantially as alleged in the complaint. The defendant then offered evidence tending to prove that the complainant, at the time the defendant's writ was served upon him, was told by the officer who served the same that the court was the ninth day of January then next, and that the complainant made preparation for a trial on that day, and was present at the place of trial on the morning of that day, and, previous to the action being called, learned that the writ was made returnable on the ninth day of January, 1840, and suffered the suit to pass by default. To all which evidence the plaintiff objected, but the court overruled the objection. To prove that the complainant was informed by the officer that the trial was to be Jan. 9, 1841, the defendant offered the officer who served the writ ; the plaintiff objected to his admission, on the ground that it was not competent for him to contradict his return ; but he was permitted by the court to testify.

The court, upon the evidence, rendered judgment for the defendant. Exceptions by plaintiff.

.Betty *v*. Brown.

*L. P. Poland* for plaintiff.

Two sufficient grounds are set forth in the complaint, and proved on trial, to entitle the complainant to maintain his complaint. .1. The wrongful act of the party in procuring the magistrate to grant the certificate on the execution. 2. The case fully shows that the party had no legal notice whatever of the suit, in which the judgment was rendered, which the complainant seeks to vacate.

1. The magistrate had no power to grant the certificate at the time the complainant alleged he did. Rev. St. 456.

2. The magistrate did not adjudge, at the time of rendering the judgment in the case, that the cause of action arose from the wilful act of the complainant; and he had no power to do it afterwards. *Phelps* v. *Birge*, 10 Vt. 161. *Brown* v. *Stacy*, 9 Vt. 118. *Little* v. *Cook*, 1 Aik. 363.

3. The complainant had no legal notice of the suit below, and therefore is relievable by this writ, and the judgment below will be vacated. *Marvin* v. *Wilkins*, 1 Aik. 110. *Staniford* v. *Barry*, 1 Aik. 324. *Little* v. *Cook*, 1 Aik. 363. *Stone* v. *Seaver*, 5 Vt. 509. *Dodge* v. *Hubbell*, 1 Vt. 491. To render a judgment binding upon the party, upon the ground that he was notified of the suit, the notice must be a legal notice. Actual notice, though given for a longer period than the law requires, will not answer. HUTCHINSON, J., in *Marvin* v. *Wilkins*, 1 Aik. 110. PRENTISS, J., in *Staniford* v. *Barry*, Ib. 324.

The question then returns, whether the complainant, in this case, had legal notice of the suit. Taking the officer's return as the criterion of the notice given to the complainant, he was only notified to appear on the ninth day of January, 1840. That was a time which had already elapsed,—an impossible time,—and the complainant might well disregard it, and treat the writ as a nullity. 2 Johns. 190. 4 Johns. 309. 9 Johns. 386. 4 N. Y. Dig. 1318. To avoid the difficulty, the defendant, in the court below, introduced the officer himself to falsify his own return,—to swear that he notified the complainant that the court was to be on the 9th day of January, 1841. This testimony was clearly illegal, for the officer's official return upon the precept must be considered as the only and conclusive evidence of his doings thereon; and, if the return could be disputed, the officer is estopped from being the wit-

ness to disprove it, for, if he read the precept differently from what it was, at the time of service, it was a violation of the law,—for that requires him to read it truly. *Swift* v. *Cobb et al.*, 10 Vt. 282. *Stevens* v. *Brown*, 3 Vt. 420. *Hathaway* v. *Phelps*, 2 Aik. 84. Cow. & Hill's notes to Ph. on Ev. 1087—1091.

*S. Wires* for defendant.

The case shows that the complainant had, or might have had, his day in court. He was not deprived of it by the act of the plaintiff in that action, but by his own neglect, or folly ; in either of which events this action cannot be sustained. *Staniford* v. *Barry*, 1 Aik. 321.. *Barrett* v. *Vaughan*, 6 Vt. 243. *Little* v. *Cook*, 1 Aik. 363. *Lovejoy* v. *Webber*, 10 Mass. 105. The justice had power to amend and make the writ conform to the understanding of the parties. Rev. St. 161, §§ 15, 16. *Mattocks* v. *Stearns*, 9 Vt. 326. *Robie* v. *McNiece*, 7 Vt. 419. *Dean* v. *Swift et al.*, 11 Vt. 331.

That judgment was rendered for the whole sum claimed in the plaintiff's declaration, without the introduction of testimony, is no ground for *audita querela*; nor is the granting the certificate, in the manner complained of, an error, that can be corrected in this form of action. *Dodge* v. *Hubbell*, 1 Vt. 491. The statute provides a mode of relief against oppressive certificates. Rev. St. 459, § 36.

From the nature of the action, and remedy sought, not only the return of the officer, but the whole records in the case, may be contradicted by parol proof; and we see no reason why the officer, who served the writ, might not as well be used as a witness for this purpose, as any other person. Surely, if the complainant had been deprived of his day in court by a mistake in the copy of a summons left with him, and the officer who left it were offered by the complainant as a witness, to show that the copy in question was the only copy left, his right to do so would not be questioned, notwithstanding the same officer had made his return on the original that he had left a *true* copy.

The opinion of the court was delivered by

REDFIELD, J. This is an *audita querela*, brought to set aside

an execution and be relieved from a judgment of a justice of the peace.

1. The court's rendering judgment for the full amount of damages claimed, and granting an irregular certificate upon the execution, is so much the same question decided in *Dodge* v. *Hubbell*, 1 Vt. 491, that it is not necessary to spend time in regard to that point.

2. The fact that the writ was issued and served in December, 1840, and made returnable in January, 1840, is not such a defect as will render the judgment void. It is obvious that any defect in the previous process, which is amendable, will not render the judgment void. And, unless the judgment be void, clearly the defendant cannot be relieved, either from the judgment, or execution, by *audita querela,* and this defect is so obviously clerical, so easily understood by every one, that it would hardly be likely to mislead any one,—and did not, in fact, mislead the present plaintiff, as appears by the case. Under such circumstances, to suffer the judgment to be reversed, or the execution to be set aside, would be offering a premium upon litigation.

Judgment affirmed.