## Joseph Weeks vs. John B. Lawrence.

That *Audita Querela* will not lie where the matter of the complaint is a proper subject for a *writ of error*.

That the Clerk's making up judgment after court, where it is a mere computation furnishes no reason for setting aside, or reversing, the judgment.

That in an action against a Sheriff for an escape, where judgment is rendered by default, or *nil dicit*, the entering the judgment is a mere matter of computation.

That if the Sheriff would avail himself of the poverty of the prisoner in mitigation of damages, he must claim a hearing for that purpose.

This was an *Audita Querela*, in which *Weeks* complained that *Lawrence* sued him for suffering an escape of *Joseph Beeman* and others, when in custody on two executions, in which there were several defendants, chiefly, but not wholly, the same in both executions—that after one review in each case, judgment was rendered against him by *nil dicit*—that the judgment against him was rendered for a larger sum than the amount of the two executions against *J. Beeman* and others : and that the said *Lawrence*, without giving any notice to said *Weeks*, procured the clerk of the court, after the court had risen, to assess the damages and tax the cost; and that the said *Lawrence*, either by design or mistake, assessed the damages at $2,490,90 ; being $239,60 more than was due on said two executions at the time of the commitments and escapes complained of by *Lawrence* in his original writ against said *Weeks* ; and, in like manner, taxed the cost $2,43 too much : all without the knowledge or consent of the said *Weeks*—that he had not had his day in court, &c.   And praying that said judgment may be set aside, and he recover his damages, and cost.   To this complaint *Lawrence* demurred ; and it was adjudged sufficient by the County Court.   He appealed to this court for a rehearing on said demurrer.

GGG

Franklin, Jan. 1829.

Weeks vs. Lawrence.

*Aldis and Davis in support of the demurer.*
The action of *Lawrence* against the *Beemans*, was an action on the case for an escape on two executions, both dated October 10, 1825. One for - - $1101,25.

Sheriff's fees for commitment, - - - 14,06.

The other for - - - - - 1150,14.

Committing fees, - - - - - 14,60.

Interest on the judgments, from October 10, 1825, the time of the judgments against the *Beemans*, to May 7, 1827, which was the date of the judgment and execution against *Weeks*, 212,77.

Interest on the committing fees, 2,42.

215,19.

Real sum due, - - - - - $2495,24.

The judgment against *Weeks*, was only - 2490,90.

The judgment was, therefore, too small by $4,34.

1. An *audita querela* will not lie, unless it appears that the complainant has sustained, or is liable to sustain, some wrong or injury by the execution ; and, in the present case, the writ does not show that the complainant has sustained, or is likely to sustain, any wrong in the assessment of the damages against him, as the judgment is not more than the amount of the two executions against the *Beemans*, and the committing fees and interest.

2. The clerk was authorized by the rules of the court to assess the damages in the case.—See *Rule* 10.—*Judiciary Act*, s. 19,54.

3. By the constant practice of the court, the clerk assesses the damages in all cases, wherein judgment is rendered by default, or *nil dicit ;* more especially in those actions where the measure of damages appears from the declaration ; and if the defendant wishes to be heard in damages, or desires any other mode of assessment, he should make application to the court, and have a minute thereof made upon the docket. The complainant in this case, having neglected to make such application, has waived his privilege, and can not now take advantage of his neglect, and set aside

the judgment by an *audita querela*, on the ground that he has had no day in court, or that he has had no notice of the assessment of the damages.—1 *Sw. Dig.* 784.

4. The amount of damages claimed from *Weeks*, and to which the said *Lawrence* was entitled, appears from the declaration, and when no greater damages are assessed than appear from the declaration to be due to the plaintiff, there is no grievance to be complained of.

5. Judgment by *nil dicit* is a species of default, and if the defendant does not, on such judgment, make application to be heard in the assessment of damages, he impliedly consents that judgment may be rendered against him for the amount claimed by the plaintiff in his declaration.—1 *Tidd.* 505.

6. The taxation of costs is a matter of discretion with the court, and an *audita querela* cannot be sustained for any error in taxing costs in this case.

*Royce and Hunt, for the complainant.* 1. We contend that the complaint in this action discloses grounds for some sort of relief. 1. For the excessive interest and cost set forth in the complaint. 2. Because the clerk assessed the damages out of court. The latter is relied on as the most important and conclusive ground of complaint.

The sheriff has a right, in all cases of escape, to show the circumstances of the debtors in mitigation of damages.—*Stat. p.* 218. And the creditor is not, in any such case, to recover beyond his actual damages occasioned by such escape. From this we contend that, in no case for a mere escape, whether voluntary or negligent, is the creditor entitled to judgment, as a matter of course, for the full amount of his execution against the debtor; but it behoves him to show the amount of his actual damages, as in other cases of uncertain damages. If we are right in this, it follows, of course, that the assessment of the damages is a judicial act, necessary to perfect the judgment, and to be performed by the court, or under their supervision and sanction; and that an assessment by the clerk, out of term time, is wholly nugatory and void. But, if the creditor is not obliged to produce evidence in regard to his damages, and the statute has only secured to the

Franklin, Jan. 1829. } sheriff the right of going into such evidence at
Weeks vs. Lawrence.   } his option, still the creditor should make up
his damages during the term, that the sheriff may have reason-
able notice of the extent of his claim, and move the court for a
hearing in damages, if he thinks proper.

It is insisted that the form of the action decides the right of the
sheriff to show the actual damages.—2 T. R. 126, Bonafous vs.
Walker. If, however, it is doubted whether this right extends
to a case of voluntary escape, we contend that the court are not
bound to regard the escape, in this case, as voluntary. If the orig-
inal declaration charged a voluntary escape, (of which there is
reason to doubt from the face of this complaint) yet the creditor
was entitled to recover upon proof of a negligent escape only.—
2 T. R. 131, above cited.—Peake's Ev. 549. This being the
case, a judgment by nil dicit, or default, is not an irrevocable ad-
mission that the escape was in fact voluntary ; but is only a con-
fession of a cause of action for which the creditor has a right
to recover under that declaration. It would follow that the
sheriff had a right, after the default, or silent judgment, to raise
the question upon evidence, whether the escape was voluntary or
negligent ? and, if the latter to show the actual damages.

II. We contend that an audita querala is a proper remedy in
this case. We know of no other remedies which might be sug-
gested, except a writ of error, or an application to the County
Court by way of motion. A writ of error would not reach our
whole ground of complaint. It could give no relief against the
illegal assessment of damages out of term ; for the record does
not disclose this irregularity. The practice of correcting errors
and illegalities in the proceedings of our courts, by motion after
final judgment, has never prevailed in this state, and, from the or-
ganization of our judiciary system, could not answer the purposes
of justice. And, even if relief might have been obtained in this
way, the remedy by audita querela is not taken away ; but is
concurent with other remedies.—10 Mass. 103, Lovejoy vs. Web-
ber.—17 Id. 158, Brackett vs. Winslow.—1 Bac. Ab. 195.—1
Jacob, 176. The injustice of which we complain, in this case,
has arisen since the judgment: for the judgment, which the court
rendered against the sheriff, was only that the creditor had a

right to recover such damages as upon, or after hearing of the evidence, should appear to be just. <span>⎧ Franklin, Jan. 1829.</span> <span>⎨ *Weeks* vs. *Lawrence.*</span> The assessment by the clerk is no part of the judgment; and yet there is no other way in which the sheriff can be relieved from it.

HUTCHINSON, J. after stating the case, delivered the opinion of the court. The question to be decided is, do the facts, contained in this complaint, entitle the complainant to all or any part of the relief sought ? It is very important that, in all judicial proceedings, the remedy to be applied should be adopted to the greivance complained of : and the experience of ages has drawn some practical lines of distinction between different remedies, which, if followed, will do more substantial justice than any new course that could now be framed. The *writ of error* and the *audita quarela,* not only come to us as writs known at common law, but our statutes refer to each, regulating their allowance, and, in some measure, showing their effect. That important distinction, of which we should never lose sight in applying these remedies, is, that the *writ of error* fastens upon errors committed by the court, does them away, and proceeds to do justice between the parties ; that justice which the court below ought to have done. The *audita querela* seizes upon the misconduct of the recovering party, as a reason for setting aside an execution for a cause arising after judgment, or for setting aside the judgment on the ground that the complainant has had no day in court. And, when either the execution or the judgment is thus set aside, the complainant recovers the damages he has sustained by the wrongful act of the party, of which he complains. In the case now before the court, there is no complaint of the execution but what is predicated upon the irregularity of the judgment. The irregularity complained of is, that, after the complainant had been properly brought before the court, and had appeared, and reviewed his cause, and let judgment pass by *nil dicit*, the judgment was in fact made up by the Clerk after the rising of the court.

Allowing this to be so, and allowing the damages to be in their nature uncertain, as the complainant contends, it would be the proper subject of a *writ of error*, for error in fact, in which this court could reverse the judgment so far as relates to the assess-

ment of damages, and order a new assess-ment which would do ample justice between the parties. But it would be no ground for an *audita querela*, to throw the original plaintiff out of court, and compel him to pay damages for this proceeding, and bring a new action to recover his debt. So, if a mistake intervened in taxing costs, a writ of error would be the proper remedy: or, the court on motion would tax anew, as justice required. It is probable such a correction might be proper as to the review, said to have been paid by *Weeks*, and half of one full attorney's fee, taxed for the credit-or; but that furnishes no reason for setting aside the whole judg-ment. With regard to the Clerk's doing this business after the court had risen, that is of no consequence, provided the act done by him was the proper business of the clerk. As well might one complain that the clerk cast the interest upon a note, in a case de-faulted, and entered the judgment after the court had risen; or that he made his record after the court had risen. The usual course, and the proper and necessary course, is, for the clerk to make all necessary minutes in term time, showing a disposal of the actions, and make the entries in detail after the court has adjourn-ed: and all this, when done, is treated and recorded as done in term time. Without such a course of practice, the court must tar-ry by till the clerk's business of the term is all completed; which would be a useless waste of time; for any mistake of the clerk, in any of his appropriate duties would afterwards be corrected on motion to the court, to amend the record *nunc pro tunc*.

The more important point raised, which we are ready and wil-ling to decide, though but little necessary for the disposal of this complaint, is, whether the assessing of the damages, in this case, was the proper business of the clerk? We consider it to be so, *prima facie*; as much so as would be the casting of interest upon a note after judgment by default or *nil dicit*. In that case the a-mount of the note and interest would constitute the damages. In this case the amount of the judgments, executions, and commit-ment fees, with interest on the same, constitute the damages. This is *prima facie* the case. If the sheriff would derive benefit from the provisions of the statute, to mitigate the damages, he must come in the way the statute supposes. He must shew the

poverty of the prisoners.  And this must be {Franklin, Jan. 1829.
done on trial·; or at least, on a motion for a } _Weeks_ vs. _Lawrence_,
hearing in damages : and is a proper subject for the investigation
of the jury.  We recollect no instance of such a defence present-
ed in any other way than to the jury.

Here the complainant had his day in court to present his testi-
mony upon this point; and his suffering judgment to pass against
him, as he did, was a waiver of this defence, whatever might have
been its efficacy to diminish the damages.

But the complaint suggests that the damages are greater than
the amount of the executions.    This is a cautious expression
which the complainant might have sworn to with truth ;  but he
keeps out of view the interest to which the creditor was entitled,
Taking into view the principal and interest, to which _Lawrence_ was
entitled, the complaint not only fails to show the complainant injur-
ed in the assessment of the damages, but it shows that he was not
thus injured.  A cast, readily made, shows that the damages were
not assessed too high.

The judgment of the court is, that the complaint is insufficient,
and we award to the creditor, _Lawrence_, six per cent. interest, as
damages for the delay, together with costs.          \

_Royce_ and _Hunt_, for the complainant.

_Aldis_ and _Davis_, for the defendant.