## *Mark Dodge* vs. *Erastus D. Hubbell.*

That *audita querela* will not lie where a *writ of error* is the proper remedy, though
such writ is taken away by statute. Complainant must resort to chancery.

THIS was an *audita querela* brought to the County Court.
The defendant was found guilty by the jury, and filed his motion
in arrest. The same was overruled by the County Court: and on
motion of the defendant, the cause was removed to this court for
the revision of that decision. The complaint recites, that the said
*Hubbell* sued the said *Dodge* in trespass before a justice; that *Dodge*
was arrested by the officer upon the writ, and was committed to
prison for want of bail. When the day set for trial arrived, he
was still in prison, and could not attend Court; by reason of
which the justice ordered a continuance a few days till the 17th
day of the month; and at that time the court was duly called and
opened, when said *Hubbell* appeared, and answered to said suit;
but the said *Dodge*, being still in prison, as aforesaid, did not ap-
pear, but made default, which was thereupon duly entered by
said justice.

The complaint then charges that no witness, or other evidence
whatever, was at any time produced or heard by said justice, in
the suit aforesaid, as the complainant verily believes, and is in-
formed, as well by the record of said justice, as by diligent inquiry
by said complainant and his friends. And the said *Hubbell*, af-
ter said default, fraudulently and oppressively, and with intent un-
justly to aggrieve, harrass, and greatly injure said complainant,

Franklin, Jan. 1829.
Dodge vs. Hubbell.

did move, influence, and procure said justice to enter up a final judgment against said complainant, in the suit aforesaid, for the sum of twenty dollars damages, and five dollars and ninety cents costs of suit, without any witness or evidence whatever, produced or heard before said justice in that behalf, as your complainant verily believes, and is informed in manner aforesaid. The complaint then proceeds to state the taking out execution by said *Hubbell* upon said judgment, dated said 17th day of November, for said sums, &c. stating what appears regular; and then charges that, at the time of so taking out said execution, the said *Hubbell*, of his further oppression and fraud, and, with intent further unjustly to injure and ruin your complainant, did procure said justice to endorse or sign on the back of said execution, a certificate in the words following, to wit : "I adjudge, and hereby certify, that the cause of action on which this judgment is founded, accrued from the wilful and malicious act of the said *Mark*, the defendant. *Attest, Dan'l Dodge*, Justice Peace." The complaint then alleges that no such adjudication appears on the files and records of said suit, and that no witness or any evidence was heard, &c. as before alleged. The complaint then alleges the delivering out of said execution so indorsed, and his commitment upon the same, and his remaining without the right of bail, &c. and praying that said judgment and execution may be set aside, &c.

*Argument for the defendant.*    1. It is contended by the defendant, that the matters and things alleged in plaintiff's complaint are not grounds to be remedied by *audita querela;* in as much as, if there is any fault, it is the fault of the court, and a judicial act, not the fault of the defendant.—1 *Aik. R.* 363, *Little* vs. *Cook.* —12 *Mass.* 268, *Thatcher* vs. *Gammon.*—14 *do.* 443, *Little* vs. *Newburyport Bank.*—10 *do.* 101, *Lovejoy* vs. *Webber.*

2. Although the judgment of the court may be wrong, yet it cannot be set aside by *audita querela* ; but a proper remedy might be by bill in Chancery, enjoining the judgment until a proper assessment of damages.

3. In this case no such necessity existed, for the said *Dodge* might, on *habeas corpus*, have had the certificate erased and he

admitted to the poor debtor's oath,to which { Franklin, Jan. 1829.
*habeas corpus* he was properly entitled.     } *Dodge* vs. *Hubbell*

*Argument for the plaintiff.* 1. The plaintiff contends, that the facts charged in this case, and proved on trial, would be a sufficient ground of *audita querela*, had the proceedings complained of taken place in the County Court.    A *writ of error* would not reach the injustice of the case, for the record would not show that the damages were entered up without any evidence.    A subsequent application to the court, by way of motion, would be inapplicable to such a case, for the summary powers of the court, exercised upon motion, are not adapted to a review of the legality or justice of a judgment in chief, but merely to the correction of irregularities collateral to, or consequential upon, the judgment.    And, even though a remedy by motion might exist. The writ of *adita querela* would not be thereby suspended or taken away ; for it is concurrent with other remedies.—10 *Mass.* 101, *Lovejoy* vs. *Webber.*—16 *Mass.* 158, *Bracket* vs. *Winslow.*

2. But whether a judgment of the County Court could be set aside on *audita querela* for the causes here alleged,or not, we think there is no doubt as to that of a justice court.    As the Legislature has taken away all other modes of relief, this court has,in numerous analogous cases, applied this writ to correct illegal and oppressive proceedings of a single magistrate, lest there should be a failure of justice.    As in *Bray. Rep.* 27, *Judd* vs. *Downing and Hazeltine.*—*Do.* 28, *Wead* vs. *Nutting.*—*Barr* vs. *Stimits, S. C. Franklin C. July term*, 1825, and many other cases.    If no remedy can be had in cases like the present, the grievance is intolerable.    Our complaint is not that the justice erred in weighing evidence, but that he assumed a rule of conduct which is in manifest violation of all law and principle.    This case is much stronger than that of *Wead* vs. *Nutting*, or perhaps any other which has ever called for the correcting powers of this court.

HUTCHINSON, J. delivered the opinion of the court.  Two cases have been submitted for a decision, between these parties, differing only in this, that the other case was of greater magnitude, the damages assessed being one hundred dollars for a trespass to the person of *Hubbell*, while the one here stated, where the damages were assessed at twenty dollars, was for a trespass upon the

*Dodge* vs. *Hubbell.* } freehold. In both, the damages have gone to the utmost extent of the jurisdiction of the justice.

It becomes important, in deciding upon the sufficiency of this complaint, to ascertain the nature of the grievance complained of, and the propriety of this writ as a source of relief.

The nature of the grievance is, that the justice entered up judgment, on default, for the damages described in the record, without hearing any witnesses or testimony upon the subject. The complaint, alleges, it is true, that *Hubbell* fraudulently and oppressively, &c. procured the justice so to enter up judgment. But those expressions mean nothing, unless accompanied with the description of some act which would be fraudulent and oppressive. If the action had been upon a note, and the complainant had used the same terms, to wit, that *Hubbell* fraudulently and oppressively, &c. procured the justice to enter up judgment on default, without evidence, and said no more, no one would attach any meaning to those opprobrious epithets. But, if it added to those epithets the deceiving the justice, and substituting another, and much larger note, for the one declared upon, & that he thereby procured the justice to render judgment for a much larger sum than was sought in the declaration, those epithets would have some meaning.— They now, as they stand, have their meaning with the jury, in assessing damages for the complainant; that is, if supported by any proof. But they have no tendency to show what ought to be the remedy of the complainant against *Hubbell.* These remarks apply to the several parts of the complaint where those epithets are introduced. The record, described in the complaint, shows, on the face of it, a regular judgment by default. There are no errors in law apparent upon the record of the judgment. The error assigned is the error in fact of rendering a judgment without testimony, in a case from the nature of which the damages are uncertain. If our statute would admit a writ of error to reverse the judgment of a justice of the peace, the remedy of the complainant would be plain. He might bring his writ of error, and assign such error in fact ; and, if the same were supported by proof, he would be sure to reverse the judgment. This would not destroy the plaintiff's

action, but secure an assessment of the damages <span style="white-space:nowrap;">⎰ Franklin, Jan. 1829.</span>
in a proper way.   But this remedy, by writ of ⎱ *Dodge* vs. *Hubbell.*
error, is expressly taken away by statute.   This statute was passed when the jurisdiction of justices did not exceed $33, and all
matters of a disputable nature were subject to appeal to the county court.   The jurisdiction has since been raised to $53, then to
$100, and the appeal taken away in all civil actions upon contract
not demanding over $10 damages, and upon notes and settled accounts that do not exceed $20.   It appears, to me at least, rather extraordinary, that all these important alterations should be made
and yet there should not be discovered by the legislature the absolute necessity of some express provision by statute, to remedy
the evils that must frequently arise, from the mistakes or ignorance,
and, possibly, from the prejudice or partiality of justices of the
peace, so numerous as they are, and clothed with a jurisdiction
so important to the rights and interests of the people.     The Legislature can adapt a remedy to the grievance.     They may provide for a new trial by petition to some higher court.    But we, as
judges, are bound by our oath, as well as our duty, to dispense the
law as we find it.

What, then, is the law that is applicable to this case ?   We have
stated how the judgment is described in the complaint.    That
covers the whole ground in point of principle :  for there can be
no objection to the execution, and none is made, but what depends
upon the validity of the judgment.   While that appears and remains regular and in force, it supports the execution, and the
prayer of the complaint is, that both may be set aside ; the objection to the certificate being made on the execution, when the
record shows no judgment that the trespass was malicious, must
mean that the only record of such adjudication is on the execution.
For the certificate is so worded as to be full proof that the trespass was adjudged to be malicious ; and I know of no law rendering void such a full certificate, before the record is made elsewhere.

We may well consider, then, all the complaint centering in the impropriety of the judgment, which appears regular upon the record.

We come now to the question, whether these proceedings ought
to be set aside by *audita querela ?*   We will notice the provisions

Franklin, Jan.1829.  of our statute about this writ.    The statute,
*Dodge* vs. *Hubbell.*  (*sec.* 11, *p.* 61,) makes provision for the al-
lowance of this writ when the judgment was rendered in the Su-
preme and County Courts.    Those provisions, according to the
words of the statute, extend to " cases proper for issuing an *audita
querela.*"    It does not describe at all what those cases are.

The twelfth section describes the mode of obtaining this writ
when judgment is rendered by a justice of the peace—but gives
no description of the grievances for which this writ shall be a rem-
edy.    This section gives jurisdiction of these writs to the County
Courts, as in cases brought before them by original writs.    That
is, they try the merits of these writs, just as they try the merits of
original writs—or, in other words, they try their truth by the
verdict of a jury, and decide their sufficiency by the rules of
law; and these must be the rules of the common law ; for the
statute prescribes no rules whatever upon the subject.    Then what
are the rules of the common law ? or, to what cases do they apply
this writ ?   The ground rule is, that, when there is a judgment a-
gainst a man, and he fears an execution, or one is already out a-
gainst him, and he has a good defence, of which he has had no
opportunity to avail himself, because it has arisen since the judg-
ment, he shall have remedy by *audita querela.*    Thus, he may
have paid the debt, and procured a discharge, since judgment
was obtained, and yet the creditor be pursuing his execution.—
This rule has been so far enlarged as to extend to all cases where
the defendant has not had his day in court.    That is, where he
has not had notice of the suit, so as to appear and defend : or has
been wholly prevented from attending by the misconduct of the
plaintiff.    We believe it has never been extended further than this
at common law.

An idea has sometimes been entertained that, when a man was
under a greivance, and has no other remedy, he has the remedy
by *audita querela,* of course.    This is altogether erroneous.—
Give this power to this process, and it would evade all the res-
trictions of our statutes upon the protracted controversies in ac-
tions within the jurisdiction of a justice.    It would virtually repeal
the 7th section of the justice act—*p.* 126.    That section pro-

vides "that no judgment sentence or de- } Franklin, Jan. 1829.
cree, had or rendered by any justice } *Dodge* vs. *Hubbell*
of the peace, within this state, on the merits of any civil cause
or action, within the jurisdiction of a justice, shall be removed
by a *writ of error*, *certiorari*, or any other process whatever ;
or shall be re-examined, or reversed by the Supreme Court
of Judicature ; any law, usage or custom to the contrary not-
withstanding."

If the action is within the jurisdiction, and judgment is rendered
upon the merits, it comes within this statute. We must not try, by
any of these writs, whether the judgment rendered upon the mer-
its was correctly rendered. This statute does not interfere at all
with the *audita querela* in its appropriate use. For errors in law
or fact, the writ of error is the proper remedy. If the statute has
taken that away, in this case, it would be very inconsistent to ap-
ply the *audita querela* as a remedy. That is as much taken
away by the statute in the cases above named, as the *writ of error*.
"Shall not be removed by *writ of error*, *certiorari*, or any other
process whatever," are the words of the statute, with regard to
judgments rendered upon the merits, &c. But, it is urged that,
in this case, there was no judgment upon the merits ; because
no witnesses were heard, and the damages were in their nature
uncertain. If so, why not bring a *writ of error*, for that would
be error in fact. The answer is, the statute forbids it. And so,
we understand, have always been the decisions. Then let the
*audita querela* come within the expression " any other process
whatever," as we think it must, and the same objection lies ; and
also the objection before noticed, that the case comes not within
the purview of this writ.

If *Hubbell*, in the present case, had, by any improper act, put it
out of the power of *Dodge* to appear at Court by himself or coun-
sel, or palmed upon him any deception to procure him to mistake
the day of the court, or had called the court at a different time
or place from those appointed in the writ, and, by any of these,
*Dodge* had been actually prevented from attending court, this
remedy might have been proper. But his being legally imprison-
ed on the writ, or staying away through negligence, or choice, is

PPP

not a deprivation of his day in court, in any sense contemplated in the law.

Should we incline to set aside the execution, on the ground that the judgment was incomplete, and did not, therefore, warrant an execution, we are met by the record, which shows a complete judgment, that does warrant an execution. Should we feel ever so sure that the complainant ought to have relief, in some way, upon his proving such facts as he alleges, we ought to do it in such a way as would do justice to both parties. We must not admit the idea, that facts may be proved which contradict the record, for the purpose of defeating that record, and causing it to be treated as a nullity. This must only be done for the purposes of correcting the record, and making it as it should originally have been. When a record is made contrary to fact, by accident or mistake, or by ignorance, or by misconduct, a court having power to grant new trials on motion or petition, or writ of error, can always, on a proper application, set the matter right, and do justice to the applicant, without sacrificing his opponent; can heal the wound without killing the patient. When the writ of *audita querela* is applied to affect a judgment, and it succeeds, the effect is to vacate the judgment wholly, and give damages to the complainant for the wrongful act complained of, and the action is destroyed, the plaintiff thrown out of court, and his securities by attachment, if any, are all destroyed. Hence it will be seen that this writ operates upon the party complained of, and punishes his misconduct; vacates his judgment, and compels him to remunerate in damages. It makes no complaint of the court for any errors made by them. These are remedied by *writ of error* or *certiorari.*

If a man pursues another with an execution, not supported by any judgment, it ought to be set aside. The party is wrong in using it; and he ought to pay the damages he occasions by it.— So if he brings an action, or has one pending, and it is settled by mutual agreement, and discharged, and he still pursues his action to judgment, it is a wrong in him; for the defendant, after settlement, is out of court, and need not be there; nor need he apprehend any further pursuit of the action. In such a case, the *audita*

*querela* is the proper remedy. For, first, | Franklin, Jan. 1829.
the judgment ought to be set aside, | Dodge vs. Hubbell.
and be thrown out of court. Second, the party injured by such a judgment; or any execution founded upon it, ought to recover the damages he sustains after the settlement. But this would be a wrong proceeding where the difficulty complained of is an error or mistake in the court that renders the judgment, and where the party still has a claim for a judgment of some shape in the action. A case is cited from *Brayton's Reports*, where an *audita querela* was sustained when the matter of complaint was the taxing costs, before a justice, which the statute prohibited : and it is said that, for that reason, the whole judgment was set aside. Nothing appears in the report upon what grounds or principles they went, or by what reasons they supported their opinion. And no reason occurs to my mind that can support that decision. If the Legislature ever intended this remedy for such evils, they ought to make a provision by means of which the court can redress the greivance, and there stop.— The injustice of setting aside such a judgment, wholly, is quite as apparent, as the letting it stand a few cents, or a few dollars, too large, by an incorrect taxation of cost. This writ affords a beneficial remedy when kept within its proper sphere of operation, but, let loose to the destruction of those edifices, which it can never repair, its evils may become without limits.

The counsel cannot fail to anticipate, from these observations, the result to which we are tending. But, the hardship of the complainant's situation, the certainty that he must return to the prison, if the judgment is not arrested, and there remain, without hope of deliverance, even if ever so depressed with poverty; and considering the probability that *Hubbell* is not without fault, though clearly the justice must have been chiefly in fault; for the act was his, and he could not excuse himself, even by shewing he was duped by the party, in so plain a case of official duty, as would be apparent from the facts in the case ;—upon these considerations we direct the action continued for advisement : not so much for us to advise what judgment ought to be rendered, if any, as in hopes the parties will end the dispute by an assessment of the damages by mutual agreement ; and that the legislature will, at their next session

Franklin, Jan. 1829. } make some suitable provision for future cases
*Dodge* vs. *Hubbell*. } of this character. In the mean time, *Hubbell* is kept secure, in all the rights he now has, by the bail entered to prosecute this complaint, and secure the return of the body of the complainant, if the judgment should be arrested.

*S. Royce, jr.* for plaintiff.

*Allen* and *Hunt*, for the defendant.