## SAMUEL SPEAR *v.* LEWIS N. FLINT.

*Audita querela* will not lie, to affect a judgment rendered by a justice of the peace, when the matter of the complaint would be proper subject for a writ of error ; and it makes no difference that the right to bring a writ of error, in such case, has been taken away by statute.

Therefore, where the defendant, in an action before a justice of the peace, has due notice of the pendency of the suit, and appears, and is denied, by the justice, the right of a trial by jury, he can have no remedy, by writ of *audita querela*, against the plaintiff.

The case of *Tyler* v. *Lathrop*, 5 Vt. 170, extending the remedy by *audita querela* to a case, in which the right of appeal, to which the party was clearly entitled, was denied, has been held an authority in cases *precisely identical*, but not in cases similar only by a supposed analogy of reasoning.

AUDITA QUERELA. The plaintiff alleged, in substance, that he had been amerced by the plaintiff in a fine for the non-performance of military duty, under the statute of 1842 in reference to the militia, and had been summoned to appear before a justice of the peace, to show cause why judgment for the fine and costs should not be rendered against him, and that he appeared at the time and place designated and demanded a trial by jury, and that the justice refused to allow him a trial by jury, but rendered judgment against him for the fine and costs. The defendant demurred to the complaint.

The county court adjudged the complaint insufficient; to which decision the plaintiff excepted.

*J. P. Kidder* for defendant.

1. The writ of *audita querela* lies in those cases, only, where the party has not had his day in court,—that is, where he has not had notice, so that he could appear, or has been prevented from attending by the fraud of the opposite party; *Barrett* v. *Vaughn*, 6 Vt. 243; *Dodge* v. *Hubbell*, 1 Vt. 491; 1 Sw. Dig. 789; and the complainant must set forth, in his writ, some illegal or fraudulent

63

act of the party, or it will be adjudged insufficient. *Sutton et al'*v. *Tyrrell,* 10 Vt. 87. *Little* v. *Cook,* 1 Aik. 363.

2. In this case the magistrate did not *err,* in refusing to the delinquent a trial by jury.*

*L. B. Peck* for plaintiff.

The *only* remedy for the plaintiff is the one adopted. If he cannot obtain redress in this mode, he is without relief. The adjudications of this court, in analagous cases, seem to apply with great force to the case at bar. *Tyler* v. *Lathrop,* 5 Vt. 170.

The opinion of the court was delivered by

BENNETT J. We do not think the plaintiff can succeed with this action. The only ground of the plaintiff's complaint is, that he was wrongfully denied, in the justice's court, a trial by jury. It is of no importance, in this case, to inquire whether he had a right to a jury trial, or not, since it is quite clear, that, if such right existed under the statute, the denial of it would constitute no good ground for this proceeding. It would at most, be but error in the proceedings of the justice. The complainant had his day in court, and his ground of grievance is, that he had his trial by the court, and not by a jury, as he claims was his right. The fact that our legislature have not allowed a justice's judgment to be reversed upon a writ of error is no reason, why their errors should be corrected upon *audita querela.*

This case is not like the case of *Tyler* v. *Lathrop,* 5 Vt. 170. In that case the justice denied to the defendant an appeal, in a case in which he was entitled to one. Though, in that case the *audita querela* was sustained, in comformity to a practice, as it was said, which had obtained, to allow such a remedy; and though that case has been since followed, in cases *precisely identical,* yet we are not disposed to extend it, by a supposed analogy of reasoning, so as to make it an authority for other cases.

The judgment of the county court is affirmed.

---

*This point was argued at length by the counsel for both parties; but, as it was left undecided by the court, the arguments need not be detailed.