EDWIN L. GRISWOLD v. TOWN OF RUTLAND.

*Audita querela; when it lies. Extent against collector. Appeal from decision granting extent.*

A party is not entitled to relief by *audita querela,* when he has had a legal opportunity to avail himself of the matters of defence set forth in his complaint, or when the injury, of which he complains, is attributable to his own neglect.

When a collector of taxes is summoned by the town before a justice of the peace,

to show cause why an extent should not issue against him for arrears of taxes, and he appears, and the justice, upon hearing, decides to issue an extent, the collector cannot have relief by *audita querela*, by showing that he did not receive proper notice of the proceedings before the justice, or that there was not a legal grand list, or that there was no legal rate bill and warrant committed to him for collection,—these being all proper subjects of inquiry and adjudication by the magistrate.

The provision in the statute, authorizing the issuing of extents against delinquent collectors, was designed to furnish a summary remedy for those cases; it is a delegation of special and extraordinary powers to justices of the peace, from the exercise of which no appeal lies.

AUDITA QUERELA. The complainant alleged, in his declaration, that he was summoned by the town of Rutland to appear before a justice of the peace, to show cause why an extent should not issue against him for arrears of taxes upon the rate bills for four years, committed to him as collector of taxes for the town of Rutland; that the complainant appeared, and a trial was had, and the justice adjudged the complainant delinquent in the collection and payment of taxes, assessed upon the grand list of 1847, in the sum of $2780,71; that from this adjudication the complainant prayed an appeal to the county court, and for that purpose tendered to the justice the fees and bail necessary; but that the justice decided, that the complainant was not entitled to an appeal, and declined to grant it, and issued an extent against him. And the complainant alleged, that there was no legal grand list of the town of Rutland for the year 1847; that the complainant was never furnished, by the selectmen, or otherwise, with a rate bill, and a warrant thereon, upon the list of 1847; and that the complainant had not been delinquent, but had ever been ready and willing to perform his official duties. To this complaint the defendants demurred.

The county court, April Term, 1850,—HALL, J., presiding,— adjudged the complaint insufficient. Exceptions by complainant.

*M. G. Everts* for defendants.

*Thrall & Smith* for plaintiff.

The opinion of the court was delivered by

KELLOGG, J. This was an *audita querela*, to set aside an extent issued by a justice of the peace, pursuant to the statute authorizing

extents against delinquent collectors of town taxes. The defendant demurred to the declaration, and the county court adjudged the same insufficent. It is urged in support of the demurrer, that sufficient matter is not set forth in the complaint to sustain this process, and that *audita querela* is not the appropriate remedy for the injury of which the plaintiff complains.

It was said by the court, in *Little* v. *Cook*, 1 Aik. 363, " that this writ is a remedial process, which bears solely upon the wrongful acts of the opposite party, and not upon the erroneous judgments, or acts, of the courts;"—And in *Staniford* v. *Barry*, 1 Aik. 321, " that although *audita querela* is authorized and the form of the writ given by statute, yet the cases in which it will lie must be determined by the rules of the common law." And it is laid down in Bacon's Abridgment, " that this process is a writ to be relieved against an unjust judgment, or execution, setting them aside for *some injustice of the party that obtained them*, which could not be pleaded in bar to the actions; for if it could be pleaded, it was the party's own fault, and therefore he shall not be relieved, that proceedings may not be endless."

It is conceded, however, that this action has been extended somewhat farther, than the principles laid down in the cases above referred to would seem to warrant. But it is believed to be well settled, that when the party has had a legal opportunity to avail himself of the matters of defence set forth in his complaint, or where the injury, of which he complains, is attributable to his own neglect, he is not entitled to relief *by this process*. Testing the case before us by these rules, has the plaintiff alledged any ground of complaint, which can be redressed by *audita querela*.

He was not deprived of his day in court. He was notified and appeared before the magistrate and had an opportunity to offer the several matters of defence set forth in his complaint; and if he failed to do it, it is the fault of the party. Whether the plaintiff was legally notified of the proceedings before the justice, whether there was a legal grand list, and whether there was a legal rate bill and warrant committed to the plaintiff for collection, were all proper subjects of inquiry and adjudication by the magistrate. The case was clearly within his jurisdiction; and if in deciding these questions the justice

Griswold *v.* Rutland.

erred, we think it furnishes no ground for relief by *audita querela.* For such an injury *this* is not the appropriate remedy.

But it is claimed, that the denial of an appeal by the justice is sufficient to sustain this process. Assuming that the plaintiff was by law entitled to an appeal, it follows, that this claim is well founded. For it has several times been held by this court, that the party aggrieved by the denial of an appeal by a justice of the peace, when he was entitled to the same, may be relived by *audita querela.* But we are all well satisfied, that the plaintiff was not entitled to an appeal. The general provision in the justice act, allowing appeals in all cases cognizable before justices of the peace, must, we think, be limited and confined to causes falling within the ordinary jurisdiction of justices, and cannot be extended to cases arising under a special and extraordinary jurisdiction, with which they may be invested.

By a special statutory provision two justices are impowered to inquire into the settlement of paupers, and to make orders for their removal; and the statute *specially* provides, in such cases, for an appeal. But for this special provision, it is believed, that an appeal cannot be claimed. If the general provision in the justice act, allowing appeals, is applicable to orders of removal in pauper cases, the *special* provision made for appeals in those cases is superfluous. The provision in the statute, authorizing the issuing of extents against delinquent collectors, was evidently designed to furnish a summary remedy for those cases. It is a delegation of special and extraordinary powers to justices of the peace, from the exercise of which no appeal lies. If, however, error intervenes and injustice is done, the party aggrieved is not without a remedy.

The judgment of the county court is affirmed.