FREDERICK HARRIMAN. *v.* HENRY S. SWIFT.

*Audita querela. Appeal from the judgment of a justice of the peace.*

In order to impose the duty on a justice of the peace to grant an appeal from a judgment rendered by him, it is incumbent on the party wishing an appeal, to do what the law requires effectually to take an appeal.

Therefore, where the party paid the justice his fee for an appeal, and merely said that he would offer a certain person as bail, and that person afterwards came into the room where the justice was for the purpose of becoming bail, but nothing was then said by him or any one else in regard to his becoming bail for the appeal, and the justice did not enter him as bail; and nothing more than this was done within two hours after the rendition of the judgment; *Held,* that audita querela would not lie to set aside the judgment of the justice.

*It seems,* that in such a case, if the party supposed he had done all that was necessary to secure an appeal, he might be relieved from the judgment under the provisions of the statute, Comp. Stat. p. 281, sec. 8. BARRETT, J.

A mere error in the taxation of costs is no cause for vacating a judgment.

AUDITA QUERELA to vacate a judgment, and supersede an execution issued thereon, rendered by a justice of the peace in favor of the defendant against the plaintiff. The grounds of relief alleged in the declaration are sufficiently set forth in the opinion of the court. The case was referred, and the referees reported the following facts :

The defendant brought two suits against the plaintiff, before Asa Dunbar, Esq., a justice of the peace, both of which were set for trial on the same day, one at ten o'clock in the forenoon, and the other at one o'clock in the afternoon. The first suit was tried at the appointed time, and a judgment was rendered by the justice in favor of the plaintiff therein, for seventy-five dollars damages and costs. The plaintiff, Harriman, thereupon informed the justice that he should appeal that suit to the county court, paid him twenty-five cents as costs for the appeal, and presented the name of Putnam Harriman as bail for the appeal, whom, however, the justice declined to accept as bail because he was not present, and had not expressed in writing his consent to become bail. Before the expiration of two hours after the rendition of the judgment, the plaintiff came before the justice and informed him that he would offer Dennison Densmore as bail for the appeal. The justice being then busy writing, made no reply and did not enter Densmore as bail. Densmore went into the same room soon after Harriman, for the purpose of becoming bail for the appeal, and remained there about an hour. At the time he went into the room where the justice was, the latter was about commencing the trial of the other suit, but Densmore, while he remained in that room did not offer himself as bail, nor speak to any one on the subject, nor was any thing said by any one to him in relation thereto, neither did he then know in which suit he was desired by the plaintiff to enter bail. Densmore was then abundantly responsible for any reasonable amount of bail for the

Harriman v. Swift.

appeal, but the justice did not fix the amount of the bail, nor was he requested so to do by any one.

The second suit was tried and judgment was rendered therein against the plaintiff about three hours after the first judgment was rendered. Within two hours after the rendition of the second judgment, the plaintiff appealed therefrom to the county court, paid the proper justice fee therefor, and offered Aaron Sanborn as bail for the appeal, who then presented himself for that purpose, and was accepted by the justice. At the same time the plaintiff, learning that Densmore had not been entered as bail in the first suit, offered Sanborn as bail in that also, Sanborn being then present and expressing his willingness to become bail, but the justice refused to accept him as bail in the first suit, for the reason that more than two hours had elapsed since the rendition of the first judgment.

It also appeared that a witness was summoned and attended on the day of the trial of these cases, as a witness for the defendant, Swift. He had no knowledge however in regard to the matters in controversy in the first suit, but did have knowledge in regard to the second suit. His attendance and travel were taxed in the defendant's, Swift's, bill of costs in the first suit. Upon the judgment rendered in the first suit an execution had issued and was in an officer's hands for collection at the time this action was brought.

Upon these facts, the county court for Orange County, at the January Term, 1857,—UNDERWOOD, J., presiding,—rendered judgment for the plaintiff for one cent damages and costs, and ordered that the judgment of the justice of the peace in the first suit, above alluded to, be set aside, to which the defendant excepted.

*A. M. Dickey*, for the defendant.

*D. K. Smith* and *J. A. Wing*, for the plaintiff.

BARRETT, J. The audita querela in this case is brought on the ground, in one count, that the plaintiff was unjustly, through the fraudulent practices of the defendant, denied an appeal by a

justice of the peace, by whom judgment was rendered in favor of this defendant against this plaintiff, and in the second count, that through the fraudulent practices of the defendant, the justice was induced to, and did improperly allow, in the taxation of costs, for the travel and attendance of one witness, and said improper allowance was embraced in the judgment for costs rendered in favor of this defendant against this plaintiff.

It sets forth that an execution has been issued on said judgment for damages and costs, and the officer is proceeding to collect the same, by levying it on the plaintiff's property.

The object of it is to have the judgment vacated and the execution superseded.

The cause was referred by the county court, and, upon the facts reported, the county court rendered judgment for the plaintiff, to which the defendant excepted ; and the case is now before us on that report for revision.

It is, perhaps, too late now to question the propriety of this writ for relief, where an appeal has been improperly denied by a justice of the peace, notwithstanding the existing statutory provision for relief in such a case. Yet it may be proper to remark, if the question were res integra, in view of the existing statute, we should have no difficulty in holding that the statutory proceeding was alone available in such a case. For present purposes, it is needless to pursue a discussion of the subject, or to suggest any change in the course of adjudication on the subject in this State.

The question under the first count is, does the report show that the justice improperly denied the appeal? If so, it is of no importance whether it was done through the fraudulent procurement of the defendant, or through the unbiased judgment of the justice himself. It is obvious to remark, however, that the report discloses nothing tending to show any act of the defendant or his counsel, bearing on the subject of the appeal in any way. Whatever omission of duty there may have been, seems to have been purely the act of the justice himself, uninfluenced by anything done or said by the defendant.

In order to impose the duty on the justice of allowing an appeal, it is incumbent on the party wishing an appeal, to do

what the law requires in order effectually to take an appeal. This case seems to stand on the question, whether in fact the plaintiff so offered bail before the justice, as to enable or entitle the justice to take the recognizance. On this point we are unable, from the facts reported, to find that he did. He may have supposed that he did all that was necessary in this behalf. But the report does not show that, within the two hours allowed by law, he produced or presented any man as bail, or offered himself to the justice to become recognized. He told the justice that he would offer Dennison Densmore, and afterwards Densmore came into the room. But nothing was said to the justice, either by Densmore or the plaintiff, by way of offering to become recognized. It does not appear that the justice was in any fault in not interesting himself to make inquiry further about taking bail. It does not even appear that the justice knew that Densmore was in the room at all. In this view, it would be straining facts by implication beyond any reasonable warrant, to hold that the justice either denied or neglected to grant an appeal. We think, at most, that the case shows a lack, on the part of the plaintiff, of a due apprehension of what was necessary for him to do in order to cast the duty on the magistrate of allowing the appeal. Probably it was mere mistake, and might have been a very proper case for relief under the statute ; while it is entirely outside of the cases in which an *audita querela* has been sustained by the courts for a denial of an appeal.

To allow the writ in this case to prevail, would be as much of an infringement of the decision in the case of *Spear* v. *Flint*, 17 Vt. 497, as to deny it in a proper case, would be of the case of *Tyler* v. *Lathrop*, 5 Vt. 170.

A strong reason why the writ should not be upheld in such a case as this is, that it would avoid the judgment with all the incidental consequences of discharging liens and securities by attachment, and subject the party defendant to the costs of this suit, entirely irrespective of the merits of his cause of action, and that too without any fault on his part.

As to the second count. It has long been held that a mere error in the taxation of costs is not a cause for vacating a judgment.

And then, again, the case made by the writ is clearly outside of any principle or precedent authorizing the writ of *audita querela*; *Griswold* v. *Rutland*, 23 Vt. 324.

The judgment is reversed, and judgment rendered for the defendant.