CLOUGH & ROBINSON *v.* BENJAMIN W. BROWN.

*Audita Querela.  Costs.*

*Audita Querela* does not lie to review or correct an erroneous taxation of costs.

The remedy by petition or motion addressed to the court by which the judgment was rendered, is clear, ample and appropriate for the correction of errors in the. taxation of costs, though fraudulently procured.

AUDITA QUERELA.  The complaint alleged that in an action pending in the Orleans County Court in favor of the plaintiffs against the defendant, the latter recovered judgement for his costs ; and afterwards fraudulently procured the defendant Brown's cost in said suit to be taxed by the clerk of said county court *ex parte* at a much larger sum than Brown was by the statute and the rules of court entitled to recover, by procuring false and fraudulent vouchers of certain persons that they had attended said court as witnesses in said ' suit for Brown, and also included in said voucher the name of the defendant Brown as a witness when in fact he was only a party in the cause, and procured the same to be taxed against the complainants by the clerk, and without notice to the complainants or their attorney, and also procured the clerk to issue an execution in favor of Brown against said Clough & Robinson, for said illegal bill of costs.

The declaration neither asked for nor indicated any relief either specific or general for the act complained of.  The defendant demurred to the declaration.  At the June Term, 1865, POLAND, Ch. J., presiding, the court adjudged the declaration or complaint to be insufficient and rendered judgment for the defendant,—to which the plaintiff excepted.

*Benj. H. Steele* and *J. T. Allen,* for the plaintiff, maintained that there is a distinction between the case of *Harriman* v. *Smith,* 31 Vt. 385, and the case at bar in this, that this case shows not a mere error in taxation of costs, which was the former case, nor an erroneous judgment, or act of the court or clerk, but a fraudulent taxation, procured upon false vouchers by the defendant, and known to be false

at the time by him, and that *audita querela* is the proper remedy in this case. An execution which misdescribes the judgment in matter of costs, though an innocent mistake, is set aside upon *audita*. *Wilson* v. *Fleming*, 16 Vt. 649; *Stone* v. *Chamberlin*, 7 Gray, 206. Also, see *Lovejoy* v. *Webber*, 10 Mass. 103. Nor is it any answer to the declaration that the law has provided other remedies. *Audita* has been held to be a concurrent remedy with motions, petitions and in many instances with writs of error when the statute has not expressly forbidden this remedy. A party has a common law right to it if applicable. 17 Mass. 159; 1 D. Chip. 391; 33 Vt. 224; 34 Vt. 474; 17 Vt. 253.

*C. Robinson*, for the defendant.

I. *Audita* is an equitable remedy and is applicable rather to a case for relief against a judgment improperly obtained than to an execution irregularly issued. *U. S.* v. *Jenkins*, 18 Johns. 305. The taxation of costs is a matter of discretion with the court, and *audita querela* cannot be sustained for any error in taxing costs in this case. The more frequent and proper remedy is by motion to the court to tax anew, but the plaintiff has his remedy by writ of error, and no law is better settled than, that when the matter of complaint is a proper subject for a writ of error, *audita* will not lie. *Weeks* v. *Lawrence*, 1 Vt. 433; *Dodge* v. *Hubbell*, *ib.* 491; *Tuttle* v. *Burlington*, Brayton, 27; *Spear* v. *Flint*, 17 Vt. 497; *Field* v. *Turnpike Co.*, 5 Mass. 388. And cases where it will lie must be determined by the rules of common law. 1 Aiken 321; 17 Mass. 153; 10 *ib.* 101. The taxation of costs is the proper business of the clerk; it is therefore of no consequence that it was done out of term time. A party cannot be relieved by this remedy when the injury is attributable to his own neglect.

II. If *audita* is the proper remedy in this case, the demurrer is still well taken. The writ does not ask for any relief whatever.

The opinion of the court was delivered by

KELLOGG, J. The substantial cause of complaint set forth in the plaintiff's writ is that the defendant's costs, in the action in which the judgment was rendered by the county court in his favor against the

plaintiffs, were, by his fraudulent procurement, taxed by the clerk at a much larger sum than the defendant was by the statute and the rules of the court entitled to recover ; and the question for decision is, whether *audita querela* will lie to correct the error.    The plaintiffs' declaration is defective in not asking for, or indicating, any relief, either specific or general, for the act complained of.    It is not suggested that there is any error in the judgment, and the judgment ought not to be disturbed or set aside, if the plaintiffs can have adequate relief without doing so.    If the costs were over-charged in the taxation, the plaintiffs' relief would be complete by correcting the error as to the excess, and letting the judgment stand as a judgment for the sum which should properly be allowed.    But, on *audita querela,* the judgment cannot be set aside in part and held good for the remainder ; and the correction of errors in a taxed bill of costs is not within the scope and application of the remedy furnished by this writ.    The consequences to the plaintiffs in the case of an over-charge in the taxation of costs would be precisely the same in the case of an error to the some amount happening by accident or mistake, as in the case of an error procured to be made by fraud ; and the plaintiff's remedy or right to relief would seem to be the same in the one case as in the other.    In *Weed* v. *Nutting,* Brayton, 28, it was held that a judgment and execution of a justice of the peace, in a case in which a larger sum was given in costs than is allowed by the statute, will be set aside on *audita querela ;* but this case was doubted in *Dodge* v. *Hubbell,* 1 Aiken, 491 ; and in *Harriman* v. *Swift,* 31 Vt. 385, it was held that a mere error in the taxation of costs was not a cause for vacating the judgment.    In *Goodrich* v. *Willard,* 11 Gray, 380, it was held that *audita querela* did not lie to correct an erroneous taxation of costs, although the complaint in that case contained an allegation similar to that which is here made, viz : that the defendant *fraudulently* procured more costs to be taxed for term fees than were allowed by law.

It has long since been decided that *audita querela* would not lie where the matter of the complaint is a proper subject for a writ of error.    *Weeks* v. *Lawrence,* 1 Vt. 433 ; *Dodge* v. *Hubbell, ib.* 491. In *Weeks* v. *Lawrence,* it was said *obiter,* that " if a mistake intervened in taxing costs, a writ of error would be the proper remedy,

or the court, on motion, would tax anew, as justice required." The remedy by petition or motion addressed to the court by which the judgment was rendered is clear, ample and appropriate for the correction of the alleged errors in the taxation of the costs of which the plaintiffs complain. In such a proceeding, relief can be granted to the plaintiffs without disturbing the judgment, or inflicting any wrong upon the defendant. If the costs are over-charged, the taxation may be reviewed and corrected on a petition or motion seasonably made. It is sufficient for our conclusion that the remedy on petition or motion is more just and appropriate than the remedy which is sought by this writ; and that it would give to the plaintiffs all the relief which they are entitled to claim. We think that *audita querela* does not lie to review or correct an erroneous taxation of costs.

The judgment of the county court, sustaining the demurrer to the declaration, is affirmed.