## H. L. JOHNSON *v.* G. N. ROBERTS.

### *Audita Querela.* Costs.

Audita querela will not lie to set aside the judgment of a justice of the peace in which more than legal costs were inadvertently allowed to the plaintiff, when the defendant was present, and had an opportunity to have the error corrected, but neglected to avail himself of it, and did not offer to pay what was legally due. (*Weed* v. *Nutting,* Brayt. 28, distinguished.)

AUDITA QUERELA. Plea, general issue. Trial by court, April Term, 1885, TAFT, J., presiding. Judgment for defendant. This action was brought to set aside the judgment of a justice of the peace. The judgment was made up as follows: Damages, $7; costs, $10.85.

*A. G. Safford,* for the plaintiff.

The judgment attacked by this proceeding was within the prohibition of the R. L. s. 1444.

*Audita* will lie. Statutes which give costs are not to be extended beyond the letter. Salk. 206; 2 Str. 1006; 3 Burr. 1287; 3 Bl. Com. 399; *Lewis* v. *Brainerd,* 53 Vt. 510; 2 Vt. 407; 23 Id. 573; 27 Id. 533.

*J. J. Enright* and *Henry Ballard,* for the defendant, cited *Harriman* v. *Swift,* 31 Vt. 385; *Clough* v. *Brown,* 38 Vt. 179; *Goodrich* v. *Willard,* 11 Gray, 380; *Griswold* v. *Rutland,* 23 Vt. 324; *Lamson* v. *Bradley,* 42 Vt. 165.

The opinion of the court was delivered by

ROWELL, J. The remedy by *audita* is denied when the complainant has had opportunity to have the error complained of corrected, but has neglected to avail himself of it. *Staniford* v. *Barry,* 1 Aik. 321; *Griswold* v. *Rutland,* 23 Vt. 324; *Goodrich* v. *Willard,* 11 Gray, 380.

In this case the justice allowed the plaintiff more costs than the statute permitted him to recover; but we must suppose, the contrary not appearing, that the excess was inadvertently allowed, and that the error would have been corrected if the justice's attention had been called to it within the two hours during which he had control of his record; and as the defendant and his counsel were present at the trial, and had an opportunity to know, if they did not in fact know, that the error had been committed, and so had opportunity to move for its correction if they desired, and it not appearing that they availed themselves of that opportunity, nor that they have since tendered and offered to pay the legitimate amount of the judgment, the defendant has no standing for relief here. And although this was not the ground of the ruling below, and that ruling may have been even erroneous, yet, the whole record showing that the complainant is not entitled to judgment, he cannot have it.

The case of *Weed* v. *Nutting,* Brayt. 28, is much relied on as an authority for setting aside this judgment. That case is very imperfectly reported in two lines and a half, and holds that a justice's judgment and execution in which a larger sum is given in costs than the statute allows will be set aside on *audita.* This case is sharply criticised in *Dodge* v. *Hubbell,* 1 Vt. 491, 499, where it is said that the injustice of wholly setting aside such a judgment is quite as apparent as letting it stand for a few cents or a few dollars too much by an incorrect taxation of costs. But whatever may be said as to the soundness of that case, it is distinguishable from this in that—as appears from a certified copy of the original writ that I have before me—the complainant "tendered and offered to pay" to the officer having the execution the full amount of the damages and legal costs with his lawful fees, which was refused.

Judgment affirmed.