## H. E. RICKARD v. W. E. FISK.

### MAY TERM, 1894.

*Audita querela. To correct error in taxation of costs.*

*Audita querela* will not lie to correct an error in the taxation of costs, where the erroneous taxation was not procured by fraud and no offer has been made to pay the legal part of the judgment.

*Audita querela* to set aside the judgment of a justice. Trial by court at the September term, 1893, Washington county, ROWELL, J., presiding. Upon the facts found and certified judgment was given for the defendant. The plaintiff excepts.

The court found the following facts :

" This defendant brought suit in trover against this plaintiff, returnable before a justice on October 14, 1892, when the case was tried by jury and the jury disagreed. The case was thereafter continued from time to time till June 28, 1893, when a judgment by default was entered therein and the damages assessed at fifteen dollars, and the costs taxed and

allowed at forty-six dollars and sixty cents, for which said sum a certified execution was awarded. Such execution issued on said judgment on July 6, 1893, and was put into the hands of an officer for collection on the same day, and on the eleventh of said month the officer demanded the amount of the execution of the debtor therein, but the debtor did not pay the same nor any part thereof, but procured a supersedeas to stay its collection and brought *audita qnerela* to set aside the judgment. Of the costs thus taxed and allowed, only fifty-one cents were for costs made by reason of continuance asked for by the defendant in that suit. The plaintiff herein claimed that there were illegal costs included in the forty-six dollars and sixty cents, but conceded that the costs actually made by the plaintiff in that suit were more than fifteen dollars and fifty-one cents. The plaintiff herein has never offered to pay the damages and the fifteen dollars and fifty-one cents costs, but has always refused to pay any part of said judgment. On trial the defendant herein offered for the first time to remit all costs taxed and allowed in said suit above fifteen dollars and fifty-one cents."

*J. P. Lamson* for the plaintiff.

This is not an error in the taxation of costs, but a wilful violation of the statute by including in the judgment illegal costs. *Audita querela* will lie. *Weed* v. *Nutting*, Brayt. 28.

*S. C. Shurtleff* for the defendant.

This judgment was by default. Not having made his claim before the justice, the plaintiff cannot make it now. Neither has he offered to pay the legal part of the judgment. *Thatcher et al.* v. *Gammon's Exrs.*, 12 Mass. 270; *White* v. *Clapp*, 8 Gray 283; *Young* v. *Collett*, T. Raymond 89; *Goodrich* v. *Willard*, 11 Gray 380.

*Weed* v. *Nutting*, Bray. 28, is not the law of Vermont. *Dodge* v. *Hubbell*, 1 Vt. 489; *Harriman* v. *Swift*, 31 Vt. 385; *Clough et al.* v. *Brown*, 38 Vt. 179; *Johnson* v. *Roberts*, 58 Vt. 599.

MUNSON, J. The only case cited by the plaintiff in support of his right to this remedy is *Weed* v. *Nutting*, Bray. 28, where it is said that a justice judgment which includes more costs than the statute allows will be set aside on *audita querela*. The opinion in *Dodge* v. *Hubbell*, 1 Vt. 491, criticises this case, and comments upon the inappropriateness of a remedy which requires the setting aside of an entire judgment because of an error in the taxation of costs. In *Harriman* v. *Swift*, 31 Vt. 385, where the judgment sought to be set aside was rendered by a justice, the court say, without discussion or citation, that it has long been held that a mere error in the taxation of costs is not a cause for vacating the judgment. In *Clough* v. *Brown*, 38 Vt. 179, it was held that the remedy was not available for the correction of an error procured by fraud ; but the judgment complained of in this case was rendered by the county court, and it may be claimed that the determination of the case was influenced by the view expressed in the opinion, that the plaintiff had a more just and appropriate remedy. It is distinctly said, however, that the correction of errors in a taxed bill of costs is not within the scope and application of the remedy by *audita*. In *Johnson* v. *Roberts*, 58 Vt. 599, it was held that this relief could not be granted when the excess was inadvertently taxed, and the complainant was present and ought to have discovered the error and procured its correction, and had not since tendered the legitimate part of the judgment. It appears from this opinion that an examination of the files in *Weed* v. *Nutting* disclosed the fact that the complainant in that case made a tender of the damages and legal costs, a fact not stated in the reported case.

The plaintiff claims that the costs here were fraudulently taxed, and that the case must be distinguished from those where the excess was the result of an error or inadvertence. It is said in *Clough* v. *Brown* that the consequences to the

plaintiff are the same whether the improper taxation is procured by fraud or is the result of a mistake, and that the remedy or right to relief would seem to be the same in one case as in the other. However this may be, we find nothing in the statement of facts to show that this taxation was claimed by the party or allowed by the magistrate otherwise than in accordance with their understanding of the law.

It is apparent from the above review that the decisions in this state afford some ground for saying that the writ of *audita* is never available for the correction of an erroneous taxation of costs. They certainly justify a denial of the relief when the erroneous taxation was not procured by fraud, and there has been no offer to pay the legal part of the judgment.

*Judgment affirmed.*

Thompson, J., was absent in county court.