# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF VERMONT

TOWN OF MT. HOLLY *v.* L. F. FRENCH.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, STAFFORD and
HASELTON, JJ.

Opinion filed August 27, 1902.

*Collector of taxes—Proceedings for extent—Formalities required.*

A written petition is not necessary in proceedings under V. S. 517 for
an extent against a delinquent tax collector.

PETITION for an extent appealed by the plaintiff from the
judgment of a justice of the peace. Trial by Court at the Sep-
tember Term, 1901, Rutland County, *Start, J.,* presiding.
Judgment for the plaintiff. The defendant excepted.

*Butler & Moloney* for the defendant.

The petition must show that the collector's neglect is un-
lawful and must contain all the averments necessary to show
that fact. This petition omits several necessary averments and
does not show that this collector had a lawful warrant in

proper form issued by a person having lawful authority. *Ferrisburgh* v. *Birkett*, 60 Vt. 332; *Lynde* v. *Dummerston*, 61 Vt. 51; *Miles* v. *Albany*, 59 Vt. 81; *Rowell* v. *Horton*, 57 Vt. 31.

*Joel C. Baker* for the plaintiff.

The remedy against a delinquent collector and the method of procedure is purely statutory. It is summary and rigorous. No petition is required by the town treasurer to the justice, and no pleadings or issues are provided for. The only process is a citation to show cause, and if it appears that the collector has not performed his duty, an extent must issue. V. S. 578. No petition being required an informal one is sufficient.

TYLER, J.   The plaintiff's treasurer preferred a petition to a justice of the peace alleging that Oct. 27, 1897, as such treasurer, he issued his warrant against the delinquent tax payers of said town for the amount of their taxes upon the grand list of said town for that year, and delivered it to the defendant, collector of taxes for the town, to be by him collected and paid over to the treasurer, agreeably to the provisions of law, the amount being $1,136.74; that the defendant, as collector, had not performed, according to law, the trust committed to him, but was in arrears upon said warrant for the sum of $736.74, for which amount the defendant was accountable; that the amount had been demanded of him, and that the defendant had neglected and refused to pay it. The petitioner prayed that an extent might be issued against the goods, chattels and estate of the defendant for the amount of the arrearages, according to law, and that for want thereof his body might be taken and committed. Pursuant to the petition the justice summoned the defendant before him to show why an extent should not be issued as prayed for. A hearing was had, and the justice adjudged that an extent ought not to be granted, and the plaintiff appealed to the County Court. The case was tried by the

judges in the County Court, who found that the defendant had not paid the taxes in full, and that he was in arrears in the sum of $736.34, and directed that an extent issue against him for that sum with costs. On the trial in the County Court the defendant objected to all evidence offered by the plaintiff in support of the petition but the Court received such evidence and found therefrom the facts reported, to which the defendant excepted, and the case comes here upon those exceptions.

The grounds of the defendant's exceptions are that the petition does not allege that the warrant issued to the defendant was in due form, nor that it was properly signed; that it does not allege directly that French was collector of taxes that year, nor that he was therein commanded to collect the taxes, nor that the warrant was for all the taxes payable to him, nor that he accepted the warrant; that there is no allegation that the selectmen had delivered to the town treasurer the warrant provided by law, nor that the treasurer had put himself in a position authorizing him to issue the warrant to the collector of taxes, or to command him to make collection thereof.

V. S. 517 provides that: "Any collector who unlawfully neglects to collect and pay over a tax delivered to him, shall be accountable for such tax or the arrearages thereof, to the treasurer, selectmen, trustees, committees or other persons authorized to receive the same, and they may cite him to appear before a justice residing in an adjoining town, to show cause why an extent should not be issued against him for such arrearages and the costs of such proceedings."

The history, nature and effect of extents is fully and ably elucidated in the opinion of the court in *Hackett* v. *Amsden*, 56 Vt. 201. The writ seems to have taken its name from the fact that the sheriff is to cause the lands to be appraised at their full extended value before he delivers them to the plaintiff. 1 Bouv. Law Dict. 635. In 8 Ency. Pl. & Pr. 784-5, it is said

that at the English common law by this writ the defendant's body, lands and goods may all be taken at once to compel payment of a debt; that in several of the states of this country it is employed to give the creditor possession of the debtor's land for a limited time till the debt is paid.   In *Hackett* v. *Amsden* the Court said: "Under our statute an extent may be likened to an extent in chief in England.   It is, so to speak, *prerogative process,* affording a summary remedy for recovering public revenue from public officers who have committed a breach of public duty, and in case of state taxes for recovery from the inhabitants of the town as well.   No notice is given to show cause against the state treasurer's extent.   In the words of PARKER, C. J., in *Waldron* v. *Lee,* 5 Pick. 328, 'the wheels of government cannot be stopped to hear complaint.'"

The collection of taxes is so important for the payment of the ordinary expenses of towns and for the maintenance of the state government, that it is obviously necessary that power shall reside with some court to institute summary proceedings against collectors of taxes who refuse or neglect to perform their duty.   Without such power, the whole machinery of government might be greatly embarrassed.   Our statute has provided the means by which this duty may be enforced; not, indeed, without a hearing, for the delinquent is, in the first instance, only cited to appear before a justice and show cause why an extent should not be issued against him.   He has his day in court, but as was held in *Re Hackett,* 53 Vt. 354, the proceedings are not *inter partes,* but rather in the nature of criminal proceedings.   The defendant has not a right to trial by jury, the statute not according that right.   *Griswold* v. *Rutland,* 23 Vt. 324.   He has, however, full opportunity to meet the charge against him and convince the justice that he is not in default.

Until the Act of 1797 was passed, an extent could be issued without notice to the delinquent collector, and prior to the Act of 1880 an appeal was not allowed him, and even now the state treasurer issues his extent without previous notice or other proceedings.

If it were necessary that the petition should contain the allegations that the defendant contends for, it would follow that the treasurer must, before applying for an extent, ascertain the existence of the facts to be alleged, which evidently is not the intent of the statute.    It is sufficient for him to know and state the facts that are set forth in the petition in question.

But it is needless to consider what facts the petition must allege, for, though it is an orderly step in the proceedings to prefer a written petition to the justice, the statute does not in terms require it.    It is a strict compliance with the statute if the treasurer cites the collector to appear before the justice to show cause, etc.

The exception to the ruling of the Court excluding certain evidence is not insisted upon in the defendant's brief, and is not considered.

*Judgment affirmed.*